TAMPA ELECTRIC COMPANY, a Florida corporation, v. FRANK E. COOPER, et al., for themselves and all others similarly situated. constituting a class.

14 So. (2nd) 388                          January Term, 1943
May 28, 1943                                    Division A
Rehearing Denied July 16, 1943

*Knight & Thompson,* for petitioner.

*Paull E. Dixon* and *Mabry, Reaves, Carlton & White,* for respondents.

TERRELL, J.:

Respondents as residents of Hillsborough County outside the City of Tampa, filed their bill of complaint against Tampa Electric Company alleging that they are being discriminated against in that they are charged a higher rate for electric power than consumers of the same class within the City and that the rate charged is unreasonably high. The bill prays

that the Court ascertain what is a reasonable rate, that the company account to them for excessive sums charged and that it be restranied from collecting more than a reasonable sum in the future.

The bill of complaint was later amended and was attacked by a motion to dismiss and a motion to strike certain portions thereof. Both motions were overruled and that order is here for review by certiorari under Rule 34 of the Rules of this Court.

Petitioner contends that the whole theory of the suit is one to regulate and control utility rates. It is also contended that the regulation of utility rates is a legislative function under both State and Federal Law, particularly Munn v. People of Illinois, 94 U.S. 113, 24 L. Ed. 77, and Section 30, Article 16, Constitution of Florida, and cannot therefore be interfered with by the courts.

Respondents do not question the general rule as thus stated but they say that since the Legislature has made no provision for the regulation of such rates as authorized by Section 30, Article 16, Constitution of Florida, the courts may determine whether a rate presently or previously charged is unreasonably high and discriminatory. They support this contention with the following cases: State of Florida v. U.S., 11 Fed. Sup. 36; Prentis et al. v. Louisville and Nashville Railroad Co., 211 U.S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150; Reagan v. Farmers Loan and Trust Co., 154 U.S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; City of Madison v. Madison Gas and Electric Co., 129 Wis. 249, 108 N.W. 65; Griffin v. Goldsboro Water Co., 122 N.C. 206, 30 S.E. 319.

The rule of the common law was that utility rates must be reasonable and non discriminatory. Section 4, Declaration of Rights, Constitution of Florida, requires that all courts in this State be open so that any person may have a remedy by due course of law for any injury done him in his lands, goods, person, or reputation. In our view, Section 4 of the Declaration of Rights should be read in connection with Section 30 of Article 16 of the Constitution and if the Legislature has not provided a means under the latter provision for one injured to secure redress then he may seek redress under the common law and the court may determine what is a reason-

able rate under the facts shown. If that is not the rule, Section 4 of the Declaration of Rights availeth nothing in this case and petitioners are without remedy.

The other questions presented relate to the sufficiency of the bill in general and whether or not the court erred in refusing to strike as irrelevant and impertinent allegations in the bill of complaint with reference to a certain report of the Federal Power Commission about rates in the City of Tampa and the contents of a certain letter written by the president of the Tampa Electric Company and quoted in the bill of complaint.

In our view, the reference to the report of the Federal Power Commission should have been stricken. It is not shown to have been based on facts that have any relation whatever to those on which the Tampa rate is predicated and unless that is the case, it would be highly prejudicial. The same rule would apply to a letter written by the president of the Tampa Electric Company unless shown to be pertinent.

On the question of the sufficiency of the bill in general, the Court is of the view that it is defective in that it alleges a mere conclusion. We are not unmindful of the requirement of the rule on this point but since every difference in rate does not constitute a discrimination in law, we think this is a case in which the facts relied on to support the alleged discrimination should be sufficiently detailed for the Court to determine whether or not if proven, they constitute a discrimination. Norton v. Jones, 83 Fla. 81, 90 So. 854.

The writ of certiorari is granted and the judgment is quashed in so far as it overruled the motion to strike.

It is so ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.