FRANK E. COOPER, et al., for themselves and all others similarly situated, constituting a class, v. TAMPA ELECTRIC COMPANY, a Florida corporation.

17 So. (2nd) 785                                            January Term, 1944
May 5, 1944                                                          Division A
Rehearing Denied May 22, 1944

*Mabry, Reaves, Carlton & White, Paull E. Dixon* and *Nathan R. Graham,* for petitioners.

*Knight & Thompson,* for respondents.

TERRELL, J.:

This is·an application for certiorari under Rule 34 to review an interlocutory decree of the circuit court granting a motion of respondent to dismiss the second amended bill of

complaint filed in conformity with this court's opinion, same styled cause reported in 14 So. (2nd) 388.

The second amended bill of complaint prays (1) that Tampa Electric Company be restrained temporarily and permanently from charging complainants and those in like situation, they being residents and customers outside the city of Tampa, a higher rate for electric energy than it charges customers residing within the city, (2) that the Court ascertain and decree what a reasonable rate would be for customers outside the city, (3) that defendant be required to permit the plaintiff to examine its books to secure such information as may be pertinent to this litigation, and (4) that defendant be required to account and restore to the plaintiffs and those in like situation all sums charged in excess of what the Court finds to be a reasonable rate to be charged.

In our former consideration and disposition of the case we held that the Legislature was clothed with power to prescribe rates that a public utility may charge for its service but that if it fails in this, any one affected thereby may seek relief under the common law. If it prescribes directly or indirectly through a commission a rate that is arbitrary or discriminatory, those affected may seek relief through the courts who are authorized to determine a reasonable rate to be charged. We also held that the allegations of the bill charging discrimination were insufficient.

The chancellor granted the motion to dismiss the amended bill of complaint in the present case because he considered it deficient in allegations to show discrimination. Petitioners contend that this order was erroneous and rely on Louisville and N. R. Co. v. Garrett, et al., 231 U. S. 298, 34 Sup. Ct. 48, 58 L. Ed. 229; Prentiss, et al., v. Atlantic Coast Line R. Co., 211 U. S. 210, 29 Sup. Ct. 67, 53 L. Ed. 150; Reagan, et al., v. Farmers' Loan and Trust Co., et al., 154 U. S. 362, 14 Sup. Ct. 1047, 38 L. Ed. 1014; State of Florida v. United States, 11 Fed. Supp. 36, and like cases to support their contention.

These cases have to do with rates fixed by a commission under legislative authority. In the case at bar, the rates complained of were fixed by respondent and the complaint appears to be that as between customers living inside and

outside the municipality, the rates are discriminatory. The mere fact that customers outside the city are charged rates for service from those inside the city is no showing of discrimination. There must be positive allegations of fact on which to base this charge.

The cases relied on by petitioners support the theory well settled in this country that the power to prescribe rates for public utility service is a legislative prerogative which may be done directly or through a commission empowered to do so. The courts may relieve against unreasonable or discriminatory rates prescribed by the Legislature or the commission.

The rates complained of here having been prescribed by the Tampa Electric Company are in the same category as rates promulgated by a legislative commission. That is to say, they may be assaulted on the ground of discrimination or unreasonableness. We do not think however, that the court has power to prescribe a rate to be charged in the future. This seems to be a legislative prerogative. If on final hearing, it should be determined that the rates being charged are discriminatory, respondent would for the present at least be required to put in effect the rate found to be reasonable. Section 30, Article XVI and Section 4, Declaration of Rights, Constitution of Florida.

On the point of requiring restitution for alleged excess charges previously paid, we do not hold that this could not be done in a proper case but we do hold that the bill here does not make such a case. There is no sufficient showing as to how long the alleged excess charges have been paid, why relief from them has not been sought sooner, what the discrimination is predicated on, nor is there sufficient factual basis in other respects to prove and support a decree on this point. The Tampa Electric Company has been in existence many years, has materially enlarged its facilities, has paid dividends to its stockholders and there is no showing as to what period restitution is sought.

This leaves nothing but the question of discrimination as between customers inside and outside the municipality. In our former consideration we held that Section Four of the

Declaration of Rights should be read with Section 30 of Article XVI of the Constitution to give a right of action in a situation like this.

Section 30 of Article XVI of the Constitution authorizes the Legislature to pass laws for the correction of abuses and to prevent unjust discrimination and excessive charges by persons or corporations engaged as common carriers in transporting persons and property or performing other services of a public nature. Section Four of the Declaration of Rights requires that all courts in this State be open so that any person may have a remedy by due course of law for any injury done him in his lands, goods, person or reputation. It appears that in so far as the respondent is concerned, the Legislature has taken no step to regulate rate charges by it so there is nobody to which petitioners can take their grievances except respondents or the courts. There must be a tribunal for those aggrieved to take their controversies and we think that in view of the Legislature having failed to provide recourse as authorized by Section 30 of Article XVI, they must have relief under Section Four of the Declaration of Rights.

Any other holding would be an admission that the government is powerless to or has failed to provide recourse where a ground for it is alleged. We do not think Section Four of the Declaration of Rights authorizes the courts to invade a legislative prerogative granted under Section 30 of Article XVI. In other words, the means for relief provided by the Legislature must be pursued when they are available. The courts may determine the validity or reasonableness of their findings. On the sole question of discrimination as between customers inside and outside the city, we hold the allegations of the bill to be sufficient but for the reasons stated, it is bad in other respects.

When the question of discrimination has not before been raised against a public service corporation that has been in operation for more than a generation, constantly enlarging and modernizing its plant, distributing dividends and building up a surplus for contingencies to warrant any claim for restitution in the manner sought here requires a much

stronger showing than a charge based solely on discrimination. There must be play somewhere for the rule of diligence and when not exercised such claims must be barred.

The matter of fixing rates in a case like this being subject to legislative control, the Legislature is bound by no standard except the constitutional requirement of due process and the inhibition against taking private property for public use without just compensation. The rate must in all cases be just and reasonable as measured by correct standards that bear a proper relation to the factors involved in the production. If delegated to a commission or others duly authorized, some standard should be prescribed that will permit a fair return on the cost of the property employed. Such is the criteria that the court below must be governed by in reaching his judgment as to the question of discrimination. There will also be involved the comparative cost of production and delivery to customers inside and outside the city.

In Federal Power Commission v. Hope Natural Gas Company, et al., decided January 3, 1944, the Supreme Court of the United States approved what is known as the "prudent investment" method as a means of determining a rate that would allow a fair return on the cost of production. See also Federal Power Commission v. Natural Gas Pipeline Co., 315 U. S. 575. These cases also discuss the "reproduction cost" and other theories and may shed some light on the instant case, but they are not conclusive because they both have to do with a reasonable rate of charge for natural gas wherein the criteria for determination are in material respects different.

It follows that as to the question of discrimination, the petition for certiorari is granted and the judgment to dismiss is quashed. In all other respects, the petition for certiorari is denied.

It is ordered.

BUFORD, C. J., CHAPMAN and ADAMS, JJ., concur.