ROBERTS, Justice.
This is an appeal from a final decree entered in statutory bond validation proceedings by which the appellee, Dade County, sought the validition of $7,100,-000 of Water and Sewer Revenue Bonds, Series A, proposed to be issued by it for the purpose of financing the purchase of four privately owned waterworks and sewage disposal systems now providing water and sewer service in the County and of constructing extensions and improvements to same. The decree here reviewed validated and confirmed the proposed bond issue and the proceedings therefor, including the County’s Ordinance No. 60-30 fixing the initial schedules of rates and charges to be made by the County for the services in question.
On this appeal the appellant concedes that Dade County, under its Home Rule Charter, is authorized to “pre-empt” and bring under exclusive County control such municipal functions as traffic control, water supply and sewage disposal, and rightly so. Cf. Miami Shores Village v. Cowart, Fla., 108 So.2d 468. It is contended, however, that no authority exists for the County to finance the acquisition or construction of the facilities for such services. This contention cannot be sustained.
The Dade County Home Rule Amendment to the Florida Constitution, Section 11, Article VIH, F.S.A., authorized the electors of Dade County to adopt a Home Rule Charter which would empower the Board of County Commissioners of such County to “do everything necessary to carry on a central metropolitan government in Dade County”. By such constitutional amendment it was also provided, among others, that such Charter “may pro *882 vide a method by which any and all of the functions or powers of any municipal corporation * * * may be transferred to the Board of County Commissioners of Dade County.”
Pursuant to such constitutional authority, t^e Home Rule Charter adopted by the electors of Dade County authorized the Board of County Commissioners to “provide and regulate * * * waste and sewage collection and disposal and water supply and conservation programs,” Section 1.01A(9), and to have “all implied powers necessary and proper to carrying out such powers * * *” Section 1.01 B. In addition, the Board is expressly authorized to “exercise all powers and privileges granted to municipalities, counties and county officers by the Constitution and laws of the state, and all powers not prohibited by the Constitution or by this Charter.” Section 1.01A(21). Under Ch. 169 and Ch. 184, Fla.Stat., F.S.A., municipalities are granted authority to issue revenue bonds for, among others, sewage disposal and water supply systems. Moreover, the Board is expressly authorized by the Home Rule Charter to borrow and expend money and “issue bonds, revenue certificates, and other obligations of indebtedness in such manner, and subject to such limitations, as may be provided by law.”
It is abundantly clear, therefore, that the provisions of the Dade County Home Rule Charter and other applicable provisions of law authorize the Board of County Commissioners to issue the water and sewer revenue bonds here validated, and the Chancellor did not err in so holding.
It is also contended on behalf of the appellant that the initial schedule of rates and charges fixed by the County, after a public hearing, for supplying the services here involved are unreasonable, arbitrary, and discriminatory, inasmuch as the charges are not the same in each service district. This contention cannot be sustained.
The Chancellor found, and the record shows, that the initial schedules of rates fixed in Ordinance No. 60-30 for the water and sewer services are fair, reasonable and proper and are not unjustly or unlawfully discriminatory. They were adopted after review by the Metropolitan Dade County Water and Sewer Board and after public hearings participated in by the consumers served by the systems to be acquired by the County, and constitute the minimum rate necessary to provide the revenue needed for operating and maintenance costs and redemption of the revenue bonds. It was also shown that the cost of providing water and sewer services varies for each of the four systems to be acquired by the County.
It is our view, and we so hold, that absolute uniformity in the rates charged for public services is not necessarily required. As stated in Tampa Electric Co. v. Cooper, 153 Fla. 81, 14 So.2d 388, 389, “The rule of the common law was that utility rates must be reasonable and nondiscriminatory * * * We are not unmindful of the requirement of the rule on this point but * * * every difference in rate does not constitute a discrimination in law * * * ”. See also Wilson v. Tallahassee Waterworks Co., 47 Fla. 351, 36 So. 63. For decisions of courts of other jurisdictions in accord herewith see Kennebunk, Kennebunkport & Wells Water District v. Inhabitants of Town of Wells, 128 Me. 256, 1929, 147 A. 188; Caldwell v. City of Abilene, Tex.Civ.App. 1953, 260 S.W.2d 712; Gillam v. City of Fort Worth, Tex.Civ.App.1956, 287 S. W.2d 494.
For the reasons stated, the decree of validation should be and it is hereby
Affirmed.
THOMAS, C. J., and DREW, THOR-NAL and O’CONNELL, JJ., concur.