261 So.2d 129 (1972)
H. Grady COOKSEY et al., Appellants,
v.
UTILITIES COMMISSION, City of New Smyrna Beach, Florida, and City of New Smyrna Beach, Florida, a Municipal Corporation Existing under the Laws of the State of Florida, Appellees.
No. 41833.
Supreme Court of Florida.
April 12, 1972.
Rehearing Denied May 17, 1972.
Curtis B. Goff, Orlando, H. Vernon Davids, Winter Park, of Davids & Decker, for appellants.
E.W. Gautier, New Smyrna, for appellees.
BOYD, Judge.
This cause is before us on direct appeal from the Circuit Court, Volusia County, to review the Order of that Court dated November 8, 1971, denying motion for summary judgment and holding Chapter 67-1754, Laws of Florida, constitutional. Oral argument before this Court was waived by the parties.
*130 The special act in question, Chapter 67-1754, Laws of Florida, creates the Utilities Commission of the City of New Smyrna Beach and provides, in part, as follows:
"The commission shall have full and exclusive power and authority to prescribe rules, rates and regulations governing the sale and use of electricity, water, gas and sewage collection and treatment wherever such services are furnished by said commission and to change the same at its pleasure, after conducting a public hearing or hearings pertaining to rate changes."
Appellant contends that the foregoing act is an unconstitutional delegation of legislative power. We find that the standards laid down in Florida Statute § 180.13(2), F.S.A.[1] pertaining to municipal public works and § 184.09(1) (b),[2] governing municipal sewer financing, requires cities fix rates that are just and reasonable for utility services. These standards are the recognized guidelines in the fixing of rates by governmental entities and apply to the Utilities Commission of the City of New Smyrna Beach.
The Constitution of the State of Florida, Section 2(b) of Article VIII, F.S.A., provides as follows:
"(b) Powers. Municipalities shall have governmental, corporate and proprietary powers to enable them to conduct municipal government, perform municipal functions and render municipal services, and may exercise any power for municipal purposes except as otherwise provided by law. Each municipal legislative body shall be elective."
Implicit in the power to provide municipal services is the power to construct, maintain and operate the necessary facilities. The fixing of fair and reasonable rates for utilities services provided is an incident of the authority given by the Constitution and statutes to provide and maintain those services.[3] The courts may not fix rates but will determine, on behalf of any aggrieved party, whether there has been a deviation from the standard of just and reasonable in fixing rates.[4]
Accordingly, the order of the trial court, denying summary judgment and upholding the validity of Chapter 67-1754, Laws of Florida, is affirmed.
It is so ordered.
ROBERTS, C.J., and ERVIN, McCAIN and DEKLE, JJ., concur.
NOTES
[1] F.S. § 180.13(2), F.S.A.: "The city council, or other legislative body of the municipality, ... may establish just and equitable rates or charges to be paid to the municipality for the use of the utility by each person, firm or corporation whose premises are served thereby; * * *"
[2] F.S. § 184.09(1) (b), F.S.A.: "Such rates, fees and charges shall be just and equitable, and may be based or computed either upon the quantity of water supplied or upon the number and size of sewer connections or upon the number and kind of plumbing fixtures in use in the premises connected with the sewer system or upon the number or average number of persons residing or working in or otherwise connected with such premises or upon any other factor affecting the use of the facilities furnished or upon any combination of the foregoing factors."
[3] Gainesville Gas & Elec. Power Co. v. City of Gainesville, 63 Fla. 425, 58 So. 785 (Fla. 1912).
[4] Miami Bridge Co. v. Miami Beach Ry., 152 Fla. 458, 12 So.2d 438 (1943); Cooper v. Tampa Electric Co., 154 Fla. 410, 17 So.2d 785 (1944).