OVERSTREET, MURRAY W., Associate Judge.
Appellants, who were the plaintiffs in the trial court and lived outside the City of Zephyrhills, filed a class action suit against appellee for themselves and on behalf of all other users of sewer and water services who live outside the limits of the City of Zephyrhills, claiming that the city had violated the provisions of Section 180.191, F. S.A., by charging out-of-city users higher rates than permitted by statute. Section 180.191 became effective on December 8, 1970, and placed a ceiling on rates which could be charged out-of-city users, but allowed a surcharge not to exceed 25 per cent above rates charged city users to be imposed without a public hearing, or, a just and equitable fee based upon the same factors used in fixing rates for city users plus a surcharge not to exceed 25 per cent, the total, however, not to exceed 50 per cent of the rates charged within the city. The latter procedure requires a public hearing.
On January 11, 1971, the city held a public hearing at which time a rate hike to 50 per cent above municipal rates was approved to become effective on April 1, 1971. From the record, it appears that from December 8, 1970, to April 1, 1971, the rate charged out-of-city users was 100 per cent above the amount charged city users. It also appears from the record that on March 13, 1971, the city held another meeting during which it decided to reduce the rates to 50 per cent to become effective on April 1, 1971, and on April 1, 1971, the 50 per cent rate was made effective.
Motions for summary judgment filed by both appellants and appellee were denied because there remained one genuine issue of material fact as to whether the city could show that the 50 per cent rate was based on cost factors in compliance with the statute. Of course the burden rested on the city to show that such cost factors had been considered in fixing out-of-city rates. At the trial the city met this burden by offering the uncontradicted testimony of lay witnesses and an expert witness that sufficient factors existed to justify the difference in charges to inside-city and outside-city users.
In his final judgment, the trial court ruled that the city had reduced its rate for out-of-city users to 50 per cent, and that the city properly determined that the additional factors involved in servicing out-of-city users and the capital outlay costs justified the 50 per cent rate; however, the judgment failed to show the date of reduction of the rate to 50 per cent.
*489 Appellants have set forth several grounds of appeal, but we believe the only ones worthy of consideration are: (1) whether the trial court erred when it failed to find the city in violation of Section 180.191 for charging an additional excess charge of 100 per cent during the period from December 8, 1970, through April 1, 1971, to out-of-city users, and (2) whether the trial court erred when it failed to find the city in violation of Section 180.191, F. S.A., for making an additional excess charge of 50 per cent to out-of-city users during the period from April 1, 1971, to the present.
The second question must be answered in the negative because the city followed the requirements of the statute in arriving at the charge to be assessed against out-of-city users, and the need to charge more is sufficiently supported by the evidence.
However, as to question number one, we find that there existed no authority for 'the city to make an additional 100 per cent charge to out-of-city users from December 8, 1970, to April 1, 1971, and that the final judgment should be amended to require the city to reduce the excess charge from 100 per cent to 50 per cent for that particular period of time, and upon proper proof thereof to refund any users who have paid the excessive charge the excessive amount thereof.
Therefore, the final judgment is affirmed in all respects except the excessive charge of 50 per cent paid or assessed against out-of-city users from December 8, 1970, to April 1, 1971, and the case is remanded to the trial court for correction of the final judgment accordingly.
Affirmed, but remanded for correction.
McNULTY, C. J., and BOARDMAN, J., concur.