328 So.2d 422 (1976)
Francis W. MOHME et al., Appellants,
v.
CITY OF COCOA, a Municipal Corporation, Appellee.
No. 47556.
Supreme Court of Florida.
February 25, 1976.
*423 James R. Dressler, Cocoa Beach, for appellants.
Leon Stromire, of Stromire, Westman, Lintz & Baugh, and William R. Clifton, of Antoon & Clifton, Cocoa, for appellee.
SUNDBERG, Justice.
This matter is before us upon appeal from the Circuit Court of the Eighteenth Judicial Circuit, in and for Brevard County, Florida, which upheld the constitutionality of Section 180.191, Florida Statutes. We have jurisdiction pursuant to the provisions of Subsection 3(b)(1), Article V, Constitution of Florida.
On November 29, 1974, in the Circuit Court for Brevard County, Florida, plaintiffs-appellants filed their complaint, styled as a class action for themselves and all others similarly situated, against defendant-appellee, City of Cocoa, a municipal corporation. The complaint charged that: (1) plaintiffs were non-city resident customers of the water system owned and operated by the defendant; (2) defendant City adopted a resolution adjusting the rates to be charged the customers of the water system and providing an effective date for this adjustment; (3) the rates to be charged customers living outside the city limits were unjust and inequitable and were not based on the same factors used in fixing the rates for city customers; (4) defendant City held public hearings on the new adjusted rates, at which hearings defendant City acknowledged that the non-city user rates bore no relationship to the cost of producing or distributing water to those customers; (5) the rates charged the non-city users were purely arbitrary and were based on the amount of money needed to be raised and on a fixed percentage of this raise which was to be borne by the non-city resident users. Plaintiffs sought a declaratory judgment adjudicating the adjusted rates to be charged them null and void as being discriminatory and unreasonable, as well as money damages and a permanent injunction against defendant's collecting the adjusted rates. Defendant City filed its motion to dismiss, in which it alleged that plaintiffs failed to meet the necessary criteria for maintenance of a class action and also that plaintiffs failed to alleged ultimate facts which entitled them to relief and to state a cause of action.
On February 28, 1975, the circuit court granted the motion to dismiss without leave to amend. The court held (1) none of the adjusted rates charged non-city resident users exceeded 1.5 times the rate charged city resident users; (2) Section 180.191(1)(b), Florida Statutes, authorizes cities to charge non-city resident users 1.5 times the rates charged city resident users; and (3) plaintiffs had to seek their remedy in the Legislature and not in the court. Thereafter, plaintiffs filed a motion for rehearing and asked leave to amend their pleadings to at least allege the unconstitutionality of the statute. The lower court entered its order on May 12, 1975, granting plaintiffs' motion for leave to amend to allege the unconstitutionality of Section 180.191, Florida Statutes, and denying with prejudice plaintiffs' motion for rehearing and their prayer to declare the statute at issue to be unconstitutional.
In addition to the constitutionality of Section 180.191, Florida Statutes, the points raised on this appeal are: (i) whether the allegations of the complaint state a cause of action and (ii) whether this suit may be maintained as a class action.
*424 Section 180.191, Florida Statutes, reads in pertinent part:
"Limitation on rates charged consumer outside city limits. 
"(1) Any municipality within the state operating a water or sewer utility outside of the boundaries of such municipality shall charge consumers outside the boundaries rates, fees, and charges determined in one of the following manners:
"(a) It may charge the same rates, fees, and charges as consumers inside the municipal boundaries. However, in addition thereto, the municipality may add a surcharge of not more than 25 percent of such rates, fees, and charges to consumers outside the boundaries. Fixing of such rates, fees and charges in this manner shall not require a public hearing except as may be provided for service to consumers inside the municipality.
"(b) It may charge rates, fees, and charges that are just and equitable and which are based on the same factors used in fixing the rates, fees, and charges for consumers inside the municipal boundaries. In addition thereto, the municipality may add a surcharge not to exceed 25 percent of such rates, fees and charges for said services to consumers outside the boundaries. However, the total of such rates, fees, and charges for said services to consumers outside the boundaries shall not be more than 50 percent in excess of the total amount the municipality charges consumers served within the municipality for corresponding service. No such rates, fees and charges shall be fixed until after a public hearing at which all of the users of the water or sewer systems, owners, tenants, or occupants of property served or to be served thereby, and all others interested shall have an opportunity to be heard concerning the proposed rates, fees, and charges... ."
Appellants submit that Section 180.191, Florida Statutes, violates Sections 2 and 9 of Article I of the Constitution of Florida. The argument advanced by appellants in this regard is not explicit. They simply assert in general, on the authority of Miami Bridge Co. v. Miami Beach Ry. Co., 152 Fla. 458, 12 So.2d 438 (1943), that a public utility rate made by the Legislature or a commission set up by the Legislature may be set aside by the courts if such is found to be an unreasonable rate. They cite the proposition supported by the weight of authority that a municipality may not lawfully charge customers outside of its geographical limits more for electricity than it charges similar customers within such limits merely because the former group is outside and the latter group inside those boundaries. Refinement of this rule, however, is found in cases decided by this Court and by our District Courts of Appeal. For example, this Court in Cooper v. Tampa Electric Co., 154 Fla. 410, 17 So.2d 785 (1944), held that the mere fact that customers outside the city are charged different rates for service from those inside the city is no showing of discrimination. The Court made it clear that positive factual allegations are necessary on which to base a charge of discrimination. A different rate may be charged if it is justified because of the difference in cost to furnish service to those without the municipal limits, as compared to the cost to furnish it to those within the municipality. See Clay Utility Co. v. City of Jacksonville, 227 So.2d 516 (1st D.C.A.Fla. 1969).
In Florida, it is a well recognized principle of law that rate-setting for municipal utilities is a legislative function to be performed by legislative bodies like local municipal governments and the commissions to which these bodies delegate such authority. Cooksey v. Utilities Comm'n., 261 So.2d 129 (Fla. 1972); Cooper v. Tampa Electric Co., supra; Southern Utilities Co. v. City of Palatka, 86 Fla. 583, 99 So. 236 (1923). Our courts will intervene to strike down unreasonable or discriminatory *425 public utility service rates prescribed by the Legislature, a municipality, or municipal commission; however, courts will not themselves fix prospective rates. See Cooper v. Tampa Electric Co., supra, and Tampa Electric Co. v. Cooper, 153 Fla. 81, 14 So.2d 388 (1943). It should be noted that in the above cited Tampa Electric Co., cases the Court reverted to the common law rule that utility rates must be reasonable and nondiscriminatory on the premise that the Legislature had not acted to regulate utility rates.
The nub of the question, then, is whether the Legislature has exceeded its authority in Section 180.191, Florida Statutes, by authorizing a municipality to add a surcharge of not more than 25% of municipally fixed rates to consumers outside the boundaries of the municipality. Under Subsection 180.191(1)(a), Florida Statutes, the rate to which the 25% surcharge may be added is the rate charged to consumers inside the municipal boundary. Whereas, under Subsection (b) of 180.191(1) the rate to which the surcharge may be added is to be a just and equitable rate which is based on the same factors used in fixing the rates, fees and charges for consumers inside the municipal boundaries. In the case of Subsection (b), the municipality is required to hold a public hearing at which all of the users of the service and all others interested shall have an opportunity to be heard. As a limiting condition on rates set under Subsection 180.191(1)(b), Florida Statutes, the Legislature has provided that the total of such rates for services to consumers outside the boundaries of the municipality shall not be more than 50% in excess of the total amount the municipality charges consumers served within the municipality for corresponding service.
Appellants contend that the 25% surcharge authorized by the statute is arbitrary, unreasonable and discriminatory, per se, making the statute unconstitutional. We disagree. As was noted in the opinion in Clay Utility Co., supra, the evidence there reflected that as the demand for electricity by consumers outside the municipality grew, generating plants at a cost of many millions of dollars were built and heavy transmission lines were erected in order to meet the increased demand of those outside the municipality. The total cost of those capital improvements could not be definitely shown in that case, but there was enough testimony on the point to indicate that the cost was substantial. The situation presented in the Clay Utility Co. case, supra, is simply a mirror image of what has and is occurring throughout the State of Florida as density increases in areas adjoining municipalities, thus creating an ever increasing demand for utility services from established municipal utility systems. We believe that the Legislature reasonably concluded that there are additional costs attendant to the providing of these services by a municipal utility system and that these costs cannot be pinpointed even under sophisticated cost accounting techniques. Because of the interconnection of the components of a utility system as demonstrated in Clay Utility Co., supra, the exact additional cost of delivery of utility services to those outside the municipal limits cannot be assessed with mathematical certainty although it is obvious that such additional costs exist, and that they include substantial expenditures for capital improvements which are brought about by the demand of non-city residents. We believe further that it was in response to this problem that the Legislature enacted Section 180.191, Florida Statutes, which authorizes a surcharge not exceeding 25%, but at the same time limits rates charged to consumers outside municipal limits to not more than 50% in excess of the rates charged consumers served within the municipality. This is not such unreasonableness or discrimination referred to in Tampa Electric Co. v. Cooper, supra, as to invoke action by the courts to hold Section 180.191, Florida Statutes, unconstitutional.
Nonetheless, was the trial court correct in dismissing the appellants' complaint with *426 prejudice? We believe not. Subsection 180.191(1)(b), Florida Statutes, provides a procedure, after hearing, for establishing rates, fees and charges which are "just and equitable and which are based on the same factors used in fixing the rates, fees, and charges for consumers inside the municipal boundaries." It is not disputed that appellee proceeded to set the rates complained of pursuant to the authority of such Subsection. Appellants expressly alleged, not only that the rates established were unjust and inequitable, but that they were not based on the same factors used in fixing the rates for city customers. The trial judge apparently concluded that such allegations were immaterial because none of the adjusted rates charged non-city resident users exceeded 1.5 times the rate charged city resident users. But the requirements of Subsection 180.191(1)(b), Florida Statutes, are twofold:
(1) The rates must be just and equitable and based on the same factors used in fixing the rates for consumers inside the municipal boundaries; and
(2) The rates shall not be more than 50% in excess of rates charged consumers served within the municipality for corresponding service.
Based on a factual situation similar to the one in the case at bar, the District Court of Appeal, Second District, held that it was appropriate for the trial judge to deny a motion for summary judgment when there existed a genuine issue of fact as to whether the City could show that its 50% additional rate charged to non-city users was based on cost factors in compliance with Section 180.191, Florida Statutes. See Hunger v. City of Zephyrhills, 307 So.2d 487 (2d D.C.A.Fla. 1975).
The appellants in the instant case have pleaded that the rates established by appellee failed to meet the first criteria of Subsection 180.191(1)(b), Florida Statutes, enumerated above. Such allegation of ultimate facts is sufficient to state a cause of action. However, the question is raised as to who bears the burden of proof in the proceedings. Hunger, supra, indicates that the burden is upon the City to establish that the rates were fair and equitable and based upon the same factors used in fixing the rates for city customers. Predating the statute in question, the Clay Utility Co. case, supra, clearly indicates that the burden is upon the consumers who are contesting the rates. The rationale of Clay Utility Co. more nearly comports with practicality and the established rules affecting burden of proof. One who asserts a fact ordinarily has the burden of proving that fact. Additionally, we believe that a municipality which has utilized the provisions of Subsection 180.191(1)(b), Florida Statutes, should not be required to come forward to prove the efficacy of its rates unless and until a dissatisfied customer has made a prima facie showing based on competent evidence of invalidity.
Regarding the remaining point raised in this appeal, although we observe no proscription in Section 180.191, Florida Statutes, against class actions by dissatisfied consumers, the propriety of a class action is not ripe for review in this appeal. The trial judge has not expressly ruled on the point at this juncture. It is a matter which should be addressed by him through application of the usual criteria relating to class actions.
Accordingly, the order appealed is affirmed in part and reversed in part and this cause is remanded to the trial court for further proceedings not inconsistent with the views expressed herein.
ADKINS, C.J., and ROBERTS, OVERTON, ENGLAND and HATCHETT, JJ., concur.
BOYD, J., dissents.