DOWNEY, Judge,
dissenting:
The appellants, Mohme, Lawrence, Pem-berton, Stone, Azbill, and Hayes, individually and on behalf of all other customers of the City of Cocoa water system residing in the unincorporated areas of Brevard County, Florida, filed suit for declaratory and other relief against appellee City of Cocoa, a municipal corporation. Appellants’ amended complaint alleged, among other things that: (1) the appellants were nonresident customers of the water system owned by the appellee City; (2) the appel-lee adopted a resolution adjusting the rates to be charged customers of its water system; (3) the rates to be charged customers living outside the city limits were unjust and inequitable and not based on the same factors used in fixing rates for city resident customers; (4) the new rates for non-city-resident customers bore no relationship to the cost of producing or distributing the water. The amended complaint also alleged that appellants were prosecuting the case for themselves and on behalf of all other water system customers of the appel-lee residing in the unincorporated areas of Brevard County. The allegations pertaining to their right to bring a class action were as follows:
“2. Each of the plaintiffs is a resident of the unincorporated area of Brevard County, Florida, and is the owner of real property either residential or commercial, and is a customer of the City of Cocoa water system.
* * * * * *
*3 “.5. The issues in this action and the questions herein to be litigated are of common and general interest to all of the customers of the defendant’s water system residing in the unincorporated areas of Brevard County, Florida, and such customers exceed 5,000 individuals and are so numerous that it is impractical for them to join as plaintiffs, these plaintiffs filed this action for themselves and for the benefit of all other customers of the City of Cocoa water system residing in the unincorporated areas of Brevard County, Florida.
:}c if: * * *
“10. Defendant has charged plaintiffs and all others similarly situated, rates for water higher than those customers residing inside the municipal limits of the City of Cocoa simply and solely on an arbitrary and discriminatory basis because plaintiffs and all others similarly situated have no voice in the election of the City Councilman of the City of Cocoa, and the city council preferred to ‘take care of its own.’ ”
The trial court granted appellee’s motion to strike the portions of appellants’ complaint in which they sought to maintain this action as a class action. As grounds for striking the class action allegations the trial court stated:
“1. Plaintiffs are proceeding under Section 180.191, Florida Statutes, which provides a civil action, ‘may be instituted by the person or persons aggrieved’ and does not specifically provide for a class action. The complaint and amended complaint fail to set forth allegations sufficient to meet the criteria required for a class action suit as defined by Harrell v. Hess Oil and Chemical Corporation, 287 So.2d 291 (SC). Defendant’s motion to strike will be treated as if directed to the amended complaint and accordingly all class action allegations of the amended complaint are hereby stricken, . . . ”
In my judgment this is a classic case to be maintained as a class action, Frankel v. City of Miami Beach, 340 So.2d 463 (Fla.1977); Hunger v. City of Zephyrhills, 307 So.2d 487 (Fla. 2d DCA 1975); Clay Utility Company v. City of Jacksonville, 227 So.2d 516 (Fla. 1st DCA 1969). In addition, I think that the difficult circumstances which made it inappropriate to allow the maintenance of class actions in Federated Department Stores, Inc. v. Pasco, 275 So.2d 46 (Fla. 3d DCA 1973); Southern Bell Telephone & Telegraph Co. v. Wilson, 305 So.2d 302 (Fla. 2d DCA 304); and Watnick v. Florida Commercial Banks, Inc., 275 So.2d 278 (Fla. 3d DCA 1973), do not exist in the present case.
It appears the trial court had some doubt as to the propriety of maintaining this action as a class action because the cause of action arises under Section 180.191, Florida Statutes (1975). In a prior appeal in this case, Mohme v. City of Cocoa, 328 So.2d 422 (Fla.1976), the Supreme Court observed no proscription in Section 180.191 against class actions by dissatisfied consumers, although it did not rule on the propriety of the class action in this case because it found the question was not ripe for decision. The authority for bringing suit as a class action is set forth in Fla.R.Civ.P. 1.220, and I can conceive of no reason why that rule would not apply to a cause of action under Section 180.191. As I indicated above, this is a classic situation for a class action because of the large number of people involved, the common interest in the subject matter of the litigation, the preclusion of a multiplicity of suits, and the other various factors which warrant the maintenance of a class action.
Accordingly, I would reverse the order appealed from and remand the cause with directions that this suit proceed as a class action.