396 So.2d 196 (1981)
VILLAGE OF PALM SPRINGS, Florida, Appellant,
v.
RETIREMENT BUILDERS, INC. et al., Appellees.
No. 80-941.
District Court of Appeal of Florida, Fourth District.
February 4, 1981.
*197 Arthur C. Koski, of Koski, Mateer & Gillespie, P.A., Boca Raton, for appellant.
Andrew T. Lavin, of Abrams, Anton, Robbins, Resnick, Schneider & Mager, P.A., Hollywood, for appellees.
ANSTEAD, Judge.
This is an appeal from an order denying an award of attorneys fees following a successful defense by appellant of an action brought by appellees pursuant to the provisions of Section 180.191, Florida Statutes (1973).
The appellees, representing all non-resident consumers of appellant's water and sewage services, sought to invalidate the higher rates charged by appellant to such consumers. After prevailing on the merits, the appellant sought attorneys fees pursuant to the provisions of Section 180.191(5). The trial court denied appellant's request in a well-reasoned order which we quote and hereby approve in its entirety:
The defendant, Village of Palm Springs, prevailed in this litigation and has moved the court for award of attorney's fees in excess of $220,000, pursuant to the provisions of F.S. 180.191(5).
The issue presented to the court is of first impression in this state; therefore, the court deems it appropriate to set forth its rationale in support of its ultimate conclusion.
For the sake of brevity, in this order, the court adopts and includes herein by reference, this court's final judgment entered in this cause dated February 8, 1980. The final judgment recites the case history, law, findings of fact and ultimate adjudication upon the merits of the case. These matters are of utmost importance, for the decision of this court in the exercise of its discretion must be determined upon findings as to whether the plaintiff's action was frivolous, unreasonable or without foundation, even though not brought in subjective bad faith, or continued in bad faith.
The award of attorney's fees is in derogation of the common law and statutes allowing for such an award should be strictly construed. See Sunbeam Enterprises, Inc. v. Upthegrove, 316 So.2d 34, ([Fla.] 1975); Stone v. Town of Mexico Beach, 348 So.2d 40, (Fla. 1st DCA 1977) and Hartford Accident and Indemnity Co. v. Smith, 366 So.2d 456, (Fla. 4th DCA 1979).
The Legislature of the State of Florida has enacted legislation awarding attorney's fees in certain cases, either mandatorily or in the exercise of judicial discretion. See for example: F.S. 57.105, which provides the court shall award a reasonable attorney fee to the prevailing party in any civil action in which the court finds there was a complete absence of a justiciable issue of either law or fact raised by the losing party; F.S. 61.16 providing a court may, after considering the financial resources of both parties involved in a dissolution of marriage proceedings, order a party to pay a reasonable *198 amount for attorney's fees to the other party; F.S. 83.756 provides the court may also allow reasonable attorney's fees to the mobile home owner whenever he prevails in any action by or against him if the rental agreement contains a provision allowing attorney's fees to the mobile home park owner; to a like effect is F.S. 718.125 as it relates to contract or lease between a condominium unit owner or association and a developer; F.S. 713.29 provides any action brought to enforce a lien, the prevailing party shall be entitled to recover a reasonable fee for the services of his attorney, and F.S. 501.2105 provides in any civil litigation resulting from a consumer transaction involving a violation of the chapter, the prevailing party shall receive his reasonable attorney's fees from the non prevailing party. (emphasis supplied)
Turning now to Chapter 70-997, the preamble to the legislation which is under consideration stated:
"WHEREAS, it is the legislative finding that there are consumers of electric and gas utilities who live outside of municipalities that own, operate, manage or control plants or other facilities supplying electricity, gas or water and sewer services to or for them within the state who should be protected from excess charges for such utilities by said municipality in view of the exclusive privilege that the municipality enjoys, NOW THEREFORE,
Be It Enacted by the Legislature of the State of Florida:
* * * * * *
Section 5. In any action commenced pursuant to this act the court in its discretion may allow the prevailing party treble damages and in addition a reasonable attorney's fee as part of the cost." (F.S. 180.191(5))
The Supreme Court of the United States of America, in the case of Christianburg [Christiansburg] Garment Co. v. Equal Employment Opportunity Commission, 434 U.S. 412, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978), was called upon to interpret Section 706(k) of Title 7 of the Civil Rights Act of 1964 which provides:
"In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee...."
Justice Stewart delivered the opinion of the court which is most exhaustive and analogous to the case presently before this court. The Justice's opinion recites the general rule in our country that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees; some statutes awarding fees are mandatory for prevailing plaintiffs, others allow awards on a permissive basis but limited to certain parties, usually prevailing plaintiffs, and others are even more flexible authorizing the fees to be paid either the plaintiffs or the defendants and entrusting the effectuation of the statutory policy to the discretion of the court.
Recognizing the State of Florida is not bound by this decision, it is equally clear the rationale of the Justice may be received as persuasive. This court finds the situation so sufficiently analogous and written with such clarity, expansion or comment upon it would be acts of futility. Therefore, this court adopts the rationale and holding contained in the cited case and applies it to F.S. 180.191(5). The introductory paragraph of Chapter 70-997 evidences an intent and knowledge on the part of the Legislature of the State of Florida that certain consumers were in need of protection from excess charges for utility services made by municipalities who exercise the exclusive privilege of providing the particular utility service. The statute specifically granted to aggrieved consumers a civil cause for relief whenever any municipality has engaged, or there were reasonable grounds to believe it would engage, in an act prohibited by the statute.
Judicial discretion does not imply a court may act or fail to act according to the whim or caprice of the deciding judge; it means a discretion exercised within the *199 limits of the applicable principles of law and equity, the exercise of which if clearly arbitrary, unreasonable or unjust is erroneous. See Florida Jurisprudence, Words & Phrases "Judicial Discretion." The only unique fact occurring during the course of this litigation which is in need of further comment is the decision emanating from the Supreme Court of the State of Florida in the case of Mohme v. City of Cocoa, 328 So.2d 422 (Fla. 1976). This decision, had it been determinative of the entire case, may very well have authorized this court to award attorney's fees for the continuation of this litigation subsequent to the date of the decision. Examination of the pleadings, issues raised and evidence presented to the court during the course of the trial, reveal a far more complex issue which required resolution before the ultimate decision by the court could be rendered; that being the contractual provisions in the purchase agreement and franchise agreement granted to the defendant, Village of Palm Springs, and the quantum of evidence submitted to the court during the course of the trial in resolution of that issue. The plaintiffs did not continue their claim in bad faith warranting the assessment of attorney's fees against them.
Based upon the foregoing, the court finds the plaintiff's action was not frivolous, unreasonable, without foundation, not brought in subjective bad faith or continued in bad faith, and it is thereupon ADJUDGED the claim by the prevailing defendant, Village of Palm Springs, for attorney's fees in this cause pursuant to the provisions of F.S. 180.191(5) is denied.
The order of the trial court is hereby affirmed.
LETTS, C.J., and HURLEY, J., concur.