Richard S. Amari City Attorney City of Cocoa
QUESTION:
Does s. 180.191, F.S., limiting the rates municipal public works may charge consumers outside city limits for water and sewer services, apply to rates charged by the city to non-municipal users of water supplied from the city's water reclamation facilities?
SUMMARY:
A municipality which provides reclaimed water to customers outside the city limits and relies on Ch. 180, F.S., for its authority to extend such services extraterritorially, is bound by the provisions of s. 180.191, F.S., in setting rates for such services outside its corporate boundaries.
Pursuant to s. 2(c), Art. VIII, State Const., the "exercise of extra-territorial powers by municipalities shall be as provided by general or special law."
The constitutional provision is implemented by s. 166.021(3), F.S., which provides that:
 The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except: (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution[.]
Generally, the powers of a municipal corporation cease at the municipal boundaries and cannot, without a plain manifestation of legislative intention, be exercised beyond the municipality's limits even though it may have acquired property outside of its geographical limits.[1]
Chapter 180, F.S., provides authorization for municipalities to provide municipal public works outside their corporate boundaries. Among the activities authorized by Ch. 180, F.S., are providing a water supply for domestic, municipal or industrial uses and providing for the collection and disposal of sewage and other liquid wastes.[2] Incidental powers are also specifically provided: "And incidental to such purposes and to enable the accomplishment of the same, to construct reservoirs, sewerage systems, trunk sewers, intercepting sewers, pumping stations, wells, siphons, intakes, pipelines, distribution systems, purification works, collection systems, treatment and disposal works[.]"[3] Section 180.02(2), F.S., provides that:
Any municipality may extend and execute all of its corporate powers applicable for the accomplishment of the purposes of this chapter outside of its corporate limits, as hereinafter provided and as may be desirable or necessary for the promotion of the public health, safety and welfare or for the accomplishment of the purposes of this chapter; provided, however, that said corporate powers shall not extend or apply within the corporate limits of another municipality.
However, pursuant to s. 180.191(1), F.S., a municipality which operates a water or sewer utility outside of the city limits is required to limit the rates charged to such consumers. The statute establishes two procedures by which a city may set such rates, fees, and charges, and provides, in part, as follows:
(a) It may charge the same rates, fees, and charges as consumers inside the municipal boundaries. However, in addition thereto, the municipality may add a surcharge of not more than 25 percent of such rates, fees, and charges to consumers outside the boundaries. . . . (b) It may charge rates, fees, and charges that are just and equitable and which are based on the same factors used in fixing the rates, fees, and charges for consumers inside the municipal boundaries. In addition thereto, the municipality may add a surcharge not to exceed 25 percent of such rates, fees, and charges for said services to consumers outside the boundaries. However, the total of such rates, fees, and charges for the services to consumers outside the boundaries shall not be more than 50 percent in excess of the total amount the municipality charges consumers served within the municipality for corresponding service.[4]
Thus, the statute authorizes a municipality to charge consumers of city water or sewer utilities who live outside the city limits a rate for such services which includes a 25 percent surcharge. You have advised this office that the City of Cocoa relies on the provisions of Ch. 180, F.S., to authorize the provision of these services to customers outside the city limits.
Section 403.064, F.S., states that the promotion of water conservation and the reuse of reclaimed water are state objectives.[5] The statute provides encouragement for local governments to implement programs for the reuse of reclaimed water. To facilitate implementation of reuse programs s.403.064(5), F.S., authorizes "[a] local government that implements a reuse program under this section . . . to allocate the costs in a reasonable manner." The law makes it clear that nothing in Ch.403, F.S., prohibits or preempts local reuse programs for reclaimed water.[6]
For purposes of these statutory provisions, the term "[r]eclaimed water" is defined by administrative rule to mean "water that has received at least secondary treatment and is reused after flowing out of a wastewater treatment facility."[7] "Wastewater facilities" are "any or all of the following: the collection/transmission system, the treatment plant, and the reuse or disposal system."[8]
These administrative rules establish the scope of "[r]euse" to include:
1. Landscape irrigation (such as irrigation of golf courses, cemeteries, highway medians, parks, playgrounds, school yards, retail nurseries and residential properties); 2. Agricultural irrigation (such as irrigation of food, fiber, fodder and seed crops, wholesale nurseries, sod farms, and pastures); 3. Aesthetic uses (such as decorative ponds and fountains); 4. Ground water recharge (such as slow-rate, rapid-rate, and absorption field land application systems) but not including disposal methods described in [Rule 17-600.200(69)(b), F.A.C.]; 5. Industrial uses (such as cooling water, process water and wash waters); 6. Environmental enhancement of surface waters resulting from discharge of reclaimed water having received at least advanced wastewater treatment or from discharge of reclaimed water for wetlands restoration; 7. Fire protection; or
8. Other useful purpose. . . .[9]
Neither Ch. 403, F.S., nor the administrative rules promulgated thereunder relating to the reuse of reclaimed water[10]
establish a method for billing customers of such a system except to the extent that s. 403.064(5), F.S., authorizes the local government to "allocate the costs in a reasonable manner."
However, because of the constitutional limitations on the exercise of extraterritorial power by municipalities, it is my opinion that a city which relies on Ch. 180, F.S., for authority to provide a system for the reuse of reclaimed water outside its corporate limits is bound by those guidelines set forth in s. 180.191, F.S., when setting rates.
Such a reading of the statutes would not only allow ss. 180.191
and 403.064(5), F.S., to be harmonized and reconciled so as to preserve the force and effect of each,[11] but the billing formulas set forth in s. 180.191, F.S., have been found by the courts to be reasonable and constitutional limiting the possibility of legal challenge.[12]
[1] See, 62 C.J.S. Municipal Corporations s. 141.
[2] See, s. 180.06, F.S.
[3] Section 180.06(6), F.S.
[4] Section 180.191(1)(a) and (b), F.S.
[5] Section 403.064(1), F.S.
[6] See, s. 403.064(4), F.S.
[7] Rule 17-600.200(68), F.A.C., promulgated by the Department of Environmental Regulation.
[8] Rule 17-600.200(97), F.A.C. And see, Rule 17-600.200(95) and (96), F.A.C., defining "[w]astes," and "[w]astewater."
[9] Rule 17-600.200(69)(a)1.-8., F.A.C.
[10] Rules Chapter 17-600, F.A.C., is promulgated to implement the provisions and requirements of, e.g., s.403.064, F.S. See, Rule 17-600.100(1), F.A.C.
[11] See, Ideal Farms Drainage Dist. et al. v. Certain Lands, 19 So.2d 234 (Fla. 1944) and State v. Haddock,140 So.2d 631 (1 D.C.A. Fla., 1962), for the proposition that when two statutes relate to common things or have a common or related purpose, they are said to be pari materia, and where possible, that construction should be adopted which harmonizes and reconciles the statutory provisions so as to preserve the force and effect of each.
[12] See, Mohme v. City of Cocoa, 328 So.2d 422 (Fla. 1976),appeal after remand, 356 So.2d 2 (4 D.C.A. Fla., 1977); Hunger v. City of Zephyrhills, 307 So.2d 487 (2 D.C.A. Fla., 1975); and City of North Miami Beach v. Southern Gulf Utilities, Inc., 339 So.2d 173 (Fla. 1976), on remand 340 So.2d 983 (3 D.C.A. Fla., 1977).