Mr. John F. Bennett Belle Isle City Attorney 170 East Washington Street Orlando, Florida 32801-2397
Dear Mr. Bennett:
You have asked for my opinion on substantially the following questions:
1. May the City of Belle Isle utilize the provisions of section170.01, Florida Statutes, to construct a barrier wall separating a number of subdivisions from a road?
2. If the answer to Question One is in the affirmative, can special assessments be levied and collected under section 170.01, Florida Statutes, for ongoing repair and maintenance of such a barrier wall?
3. If the provisions of Chapter 170, Florida Statutes, do not authorize construction of a buffer wall for these purposes, is the City of Belle Isle authorized by Chapter 166, Florida Statutes, to enact an ordinance providing for special assessments for this purpose?
4. Regardless of the answers to Questions One through Three, is the City of Belle Isle authorized to grant a license to the homeowner's associations of the affected subdivisions to construct and maintain such a wall at the homeowners' expense?
In sum:
1. While the City of Belle Isle may use general revenue funds for such a project, chapter 170, Florida Statutes (1993), does not authorize the levy and collection of a special assessment by a municipality for the purpose of constructing a barrier wall to protect private property from the noise and sight of heavy traffic on an adjacent roadway.
2. In light of my response to Question One, no response to your second question is necessary.
3. The City of Belle Isle may adopt an ordinance imposing a special assessment for the construction and maintenance of a buffer wall if the properties upon which the assessment is levied derive a special benefit from the construction of the wall and if the assessment is fairly and reasonably apportioned among the properties that receive the special benefit.
4. The City of Belle Isle may delegate its authority to construct and maintain a barrier wall on city property to private citizens or entities after the city has determined that such a project serves a public purpose. In addition, if such an expenditure serves a public purpose, the city may wish to consider using general revenue funds for such a project.
According to your letter, the City Council of the City of Belle Isle is considering constructing a barrier wall to separate a number of subdivisions from a heavily traveled road that runs through the city. To protect residences from the noise and view of the traffic, the city proposes to construct a brick wall in the right-of-way. This right-of-way easement, which runs on either side of the pavement, is maintained by the city.
Question One
Section 170.01(1), Florida Statutes (1993), provides in part that:
Any municipality of this state may, by its governing authority: (a) Provide for the construction, reconstruction, repair, paving, repaving . . . widening, guttering, and draining of streets, boulevards, and alleys; for grading, regrading, leveling . . . of sidewalks; for constructing or reconstructing permanent pedestrian canopies over public sidewalks; and in connection with any of the foregoing, provide related lighting, landscaping, street furniture, signage, and other amenities as determined by the governing authority of the municipality; (b) Order the construction, reconstruction, repair, renovation . . . of greenbelts, swales, culverts, sanitary sewers, storm sewers, outfalls, canals . . . water bodies, marshlands, and natural areas, all or part of a comprehensive stormwater management system, including the necessary appurtenances and structures thereto . . . ;
* * *
(j) Provide for the payment of all or any part of the costs of any such improvements by levying and collecting special assessments on the abutting, adjoining, contiguous, or other specially benefited property.
The statute provides that special assessments can only be levied for the purposes enumerated in section 170.01, Florida Statutes (1993), and must be levied on those properties that benefit at a rate of assessment based on the special benefit accruing to that property from the improvements.[1] The improvement must "pro-vide a benefit which is different in type or degree from benefits provided to the community as a whole."[2]
Chapter 170, Florida Statutes (1993), represents a supplemental and alternative method of making local municipal improvements.[3]
However, the activities for which special assessments may be levied and collected pursuant to Chapter 170 are strictly limited to those set forth therein.
It is the rule that when a statute enumerates the things upon which it is to operate, it is ordinarily construed as excluding from its operation all things not expressly mentioned.[4] Nothing in section 170.01(1), Florida Statutes (1993), authorizes the levying and collection of special assessments by a munici-pality for the construction of a buffer wall to protect private property from the noise and sight of heavy motor vehicle traffic. Applying the rule set forth above, the mention of particular projects in the statute that may be funded by special assessments would exclude any other types of projects being funded by the method set forth in Chapter 170, Florida Statutes.
Therefore, it is my opinion that the City of Belle Isle may not utilize the provisions of section 170.01, Florida Statutes, to construct a barrier wall to protect private property from the noise and sight of heavy traffic on an adjacent roadway.
Question Two
In light of my answer to Question One, no response to your second question is necessary.
Question Three
Pursuant to section 170.21, Florida Statutes:
This chapter shall not repeal any other law relating to the subject matter hereof, but shall be deemed to provide a supplemental, additional, and alternative method of procedure for the benefit of all cities, towns, and municipal corporations of the state, whether organized under special act or the general law, and shall be liberally construed to effectuate its purpose.
Thus, the statute recognizes that Chapter 170 is not an exclusive method for imposing special assessments for local improvements.[5]
As the Supreme Court of Florida recognized in City of Boca Raton v. State, 595 So.2d 25 (Fla. 1992), special assessments may be the subject of independent, home rule legislation without reliance on Chapter 170, Florida Statutes (1993). Under provisions of Florida's Municipal Home Rule Powers Act,[6] a municipality may exercise any governmental, corporate, or proprietary power for a municipal purpose except when expressly prohibited by law. Further, a municipality may enact legislation on any subject on which the legislature may act, except those subjects described in paragraphs (a), (b), (c), and (d) of section 166.021(3).[7] The Court in the City of Boca Raton case determined that the levy of special assessments by municipalities fit none of these categories and was, therefore, an appropriate subject for municipal legislation.
However, while special assessments may be imposed by a local ordinance, the levy must satisfy two established requirements to be a valid special assessment. As the Court stated in City of Boca Raton:
There are two requirements for the imposition of a valid special assessment. First, the property assessed must derive a special benefit from the service provided. Second, the assessment must be fairly and reasonably apportioned among the properties that receive the special benefit.[8]
Therefore, it is my opinion that the City of Belle Isle may adopt an ordinance pursuant to Chapter 166, Florida Statutes (1993), that provides for the levy and collection of a special assessment to build a buffer wall to screen out noise and the sight of heavy traffic. In order to enact a valid special assessment ordinance the city commission must follow the pattern described in the Boca Raton case and determine that: 1) the property burdened with the special assessment derives a special benefit from the construction of the wall; and 2) the special assessment is fairly and reasonably apportioned among the properties that receive this special benefit.
Question Four
The central issue in resolving your last question is whether the City of Belle Isle may delegate its authority to construct and maintain municipal improvements made on municipal property to a private party.
In Florida, broad home rule powers have been conferred on municipalities through the enactment of Chapter 166, Florida Statutes, the Municipal Home Rule Powers Act, which implements the provisions of Section 2, Article VIII, Florida Constitution.[9]
Pursuant to section 166.021(1), Florida Statutes, municipalities "have the governmental, corporate, and proprietary powers to enable them to conduct municipal government, perform municipal functions, and render municipal services, and may exercise any power for municipal purposes, except when expressly prohibited by law." A "[m]unicipal purpose" is defined in section 166.021(2) to mean "any activity or power which may be exercised by the state or its political subdivisions."
The Florida Supreme Court has stated that an analysis of the exercise of municipal powers requires a two-tiered consideration.[10]
First, was the action undertaken for a municipal purpose? If so, was such action expressly prohibited by the Constitution, general or special law, or charter?
Applying this test to your situation, the City of Belle Isle must determine that a municipal purpose is served by the undertaking of this construction project and that no impediment exists in organic law. These requirements must be satisfied because the city will be committing municipal property to be used in this project. Further, after such a determination is made, the dedication of general revenue funds to this project would be appropriate as an alternative.
I am aware of no provision of the Florida Constitution or Florida Statutes that would prohibit a city from delegating its authority to construct certain public improvements to private individuals or entities. It is the general rule that the power to determine whether public improvements are needed is a governmental function and cannot be delegated by the tribunal on whom it is conferred.[11] The exercise of this power is a governmental act to be accomplished by legislative discretion. However, when the work is determined to be necessary and proper, the actual construction of the project is merely ministerial and, as such, may be delegated.[12]
Therefore, it is my opinion that the City of Belle Isle may delegate to a private group or entity the authority to construct and maintain a barrier wall or buffer after the city determines that such construction serves a municipal purpose.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, s. 170.02, Fla. Stat. (1993), which provides the method of prorating special assessments.
[2] Section 170.01(2), Fla. Stat. (1993).
[3] See, s. 170.21, Fla. Stat. (1993), which provides that the provisions of ch. 170, Fla. Stat. (1993), represent a supplemental, additional, and alternative procedure.
[4] See, e.g., Thayer v. State, 335 So.2d 815, 817 (Fla. 1976).
[5] See, s. 197.3632, Fla. Stat. (1993), providing a method for the levy, collection, and enforcement of non-ad valorem assessments.
[6] Chapter 166, Fla. Stat. (1993).
[7] Section 166.021(3)(a)-(d), Fla. Stat. (1993), states that:
The Legislature recognizes that pursuant to the grant of power set forth in s. 2(b), Art. VIII of the State Constitution, the legislative body of each municipality has the power to enact legislation concerning any subject matter upon which the state Legislature may act, except: (a) The subjects of annexation, merger, and exercise of extraterritorial power, which require general or special law pursuant to s. 2(c), Art. VIII of the State Constitution; (b) Any subject expressly prohibited by the constitution; (c) Any subject expressly preempted to state or county government by the constitution or by general law; and (d) Any subject preempted to a county pursuant to a county charter adopted under the authority of ss. 1(g), 3, and 6(e), Art. VIII of the State Constitution.
[8] City of Boca Raton, supra at 29.
[9] See, City of Miami Beach v. Rocio Corporation,404 So.2d 1066, 1069 (3d DCA Fla. 1981), pet. for rev. den., 408 So.2d 1092
(Fla. 1981); State v. City of Sunrise, 354 So.2d 1206, 1209 (Fla. 1978).
[10] See, City of Boca Raton v. Gidman, 440 So.2d 1277, 1280
(Fla. 1983).
[11] See generally, 63 C.J.S. Municipal Corporations s. 1081, p. 721 (1950). And see, Cooksey v. Utilities Commission,261 So.2d 129 (Fla. 1972) (implicit in the power to provide municipal services is the power to construct, maintain and operate necessary facilities).
[12] Id. at s. 1037 p. 631.