323 So.2d 669 (1975)
SOUTHERN GULF UTILITIES, INC., a Florida Corporation, Appellant,
v.
CITY OF NORTH MIAMI BEACH, a Municipal Corporation of the State of Florida, Appellee.
No. 75-207.
District Court of Appeal of Florida, Third District.
November 25, 1975.
Rehearing Denied January 14, 1976.
Walton, Lantaff, Schroeder, Carson & Wahl and William J. Gray, Miami, for appellant.
Joseph Nazzaro, City Atty., for appellee.
Before PEARSON and NATHAN, JJ. and HALL, VINCENT T., Associate Judge.
HALL, VINCENT T., Associate Judge.
Appellant, Southern Gulf Utilities, Inc., appeals from a final declaratory judgment in favor of the Appellee, City of North Miami Beach, finding that the City of North Miami Beach does have the exclusive power and authority to determine, change, and or readjust its water rates or charges from *670 time to time.[1] The trial Court further held that City Ordinance No. 74-11, adopted and approved by the City of North Miami Beach on the 18th day of June, 1974, establishing a new water rate schedule of Fifty Cents per one thousand gallons, was legal, valid and proper; and therefore binding upon Southern Gulf Utilities, Inc.
The record of the trial Court discloses that Chapter 26054, Special Acts of Florida, became effective May 17th, 1949. By the terms of the Act, the City of North Miami Beach was empowered with authority to create, own, and operate a waterworks system in and surrounding the City. It was also empowered with authority to set and collect uniform rates for providing water, and "Readjust such rates or charges from time to time."
On July 14, 1964, Southern Gulf Utilities, Inc., and the City of North Miami Beach entered into a contract for the supply of water to Southern Gulf Utilities, Inc., by the City waterworks system created under the provisions of Chapter 26054, Special Acts of Florida. The terms of the contract provided that the City of North Miami Beach would agree to supply water to Southern Gulf Utilities, Inc., at a rate of Twenty-eight Cents per 1,000 gallons of water. The contract did not provide for a time limit, and it would appear that the City was bound by the terms of the contract ad infinitum.
On July 18, 1974, the City of North Miami Beach adopted Ordinance No. 74-11 establishing a new uniform rate schedule of Fifty Cents per 1,000 gallons of water applicable to all bulk users of water, including Southern Gulf Utilities, Inc. The express purposes of the Ordinance were to prevent default in City bonds, provide adequate revenue to operate the system, upgrade the City's water system, and conserve precious palatable water.
Southern Gulf Utilities, Inc., contends that the City of North Miami Beach, even though a Municipality, is bound by the terms and conditions of the contract entered into by the parties on July 14th, 1964, and that there is no evidence that the City of North Miami Beach made a determination that the increase in the water rate as reflected by City Ordinance 74-11 bore any relationship to the cost of water or its distribution to the bulk users, such as Southern Gulf Utilities, Inc.,
The salient questions confronting this Court are:
(1) Whether the Municipality is bound by the terms of the Contract for an indefinite term, thereby preventing any future City Commission from exercising the authority and power conferred upon it by a special act of Florida, in effect at the time of the execution of the contract.
(2) Whether the Municipality may, by Ordinance, arbitrarily change a rate set by contract without a showing that the rate change is reasonable, i.e., bearing some relation to the costs, reserves, and other related items incurred in the operation of the system.
With respect to the initial question, this Court is bound by the opinion of our Florida Supreme Court in City of Tampa v. Tampa Waterworks Co., 45 Fla. 600, 34 So. 631 (1903) wherein it was recognized in a similar situation:
"The section not only becomes a part of every contract, as much so as if written therein, but by implication it denies the authority of the Legislative to bind itself, either by a contract of its own making or one made by a Municipality under its authorization, not to exercise the power thereby recognized whenever in its wisdom it should think necessary so to do. The effect of this section is to reserve to the *671 Legislative full power at all times, notwithstanding any supposed contract not to exercise it, to require water companies and others mentioned in the section to comply with their common-law obligation to supply their customers at reasonable rates."
Therefore, in the instant case, this Court finds that the City of North Miami Beach is not bound by the terms of the contract, and must exercise such power and authority as is conferred upon it by a Special Act in effect at the time of the execution of the contract. The trial Court's ruling that the City of North Miami Beach does have the exclusive power and authority to determine, change, and or readjust its water rates or charges from time to time is therefore affirmed.
With regard to the second question involved herein, the Court feels that the trial Court erred in determining that a Municipality may change a rate set in a contract between the parties, by an Ordinance, without a showing that the new rate change is reasonable.
The record of the trial Court fails to show that the City of North Miami Beach, at the time of the adoption of Ordinance No. 74-11, made any determination that the rate increase was reasonable. In lieu of this determination, it appears that the rate increase was arbitrarily based upon the need for revenue for Municipal bonds, operation of the City water system and conservation of palatable water.
In City of Tampa v. Tampa Waterworks, Co., supra, the Supreme Court opined:
"Water companies and others mentioned in the section to comply with their common-law obligation to supply their customers at reasonable rates."
Similarly, this Court has recognized that a Municipality must furnish water to its customers at "a reasonable rate." City of Miami Beach v. City of North Bay Village, 313 So.2d 126 (Fla.App. 1975)
Therefore, with respect to the trial Court's ruling finding that City Ordinance No. 74-11 was duly, legally and constitutionally adopted by the City Council of the City of North Miami Beach, we reverse and find that it is not legal and binding on Southern Gulf Utilities, Inc., because of the failure of the City of North Miami Beach to make a determination that the rate increase, authorized by City Ordinance No. 74-11, was reasonable.
Affirmed in part and reversed in part.
NOTES
[1] Pursuant to Chapter 26054, Laws of Florida Special Acts of 1949, and the code of Ordinance of the City of North Miami Beach; irrespective of the provisions contained in an agreement dated July 14th, 1964, between Southern Gulf Utilities, Inc., and the City of North Miami Beach.