339 So.2d 173 (1976)
CITY OF NORTH MIAMI BEACH, a Municipal Corporation of the State of Florida, Petitioner,
v.
SOUTHERN GULF UTILITIES, INC., a Florida Corporation, Respondent.
No. 48887.
Supreme Court of Florida.
October 7, 1976.
Rehearing Denied December 8, 1976.
Joseph Nazzaro, City Atty., for petitioner.
Miller Walton and William J. Gray, Walton, Lantaff, Schroeder & Carson, Miami, for respondent.
SUNDBERG, Justice.
This is a petition for writ of certiorari to review a decision of the District Court of Appeal, Third District, reported at 323 So.2d 669. It is maintained that there is conflict with City of Tampa v. Tampa Water Works Co., 45 Fla. 600, 34 So. 631 (1903), insofar as the decision under review determines that a municipality may not change a rate set in a contract between the parties, by an ordinance, without a showing by the city that the new rate change is reasonable. We have jurisdiction pursuant to Article V, Section 3(b)(3), Florida Constitution.
By its opinion in the instant case, the District Court of Appeal held that the petitioner had exclusive power and authority to determine, change and readjust its water rates or charges from time to time and was not bound by the terms of a contract entered into for supply of water at a set rate to respondent's predecessor in interest. However, the District Court of Appeal then proceeded to hold that petitioner was not authorized to change the contractual rate by ordinance without a showing that the new rate was reasonable. In our judgment such a holding conflicts with City of Tampa v. Tampa Water Works Co., supra, and, also, is not in accord with the recent decision of this Court in Mohme v. City of Cocoa, 328 So.2d 422 (Fla. 1976).
*174 There is no dispute with the proposition of law that a municipality must furnish water to its customers at "a reasonable rate." City of Tampa v. Tampa Water Works Co., supra; City of Miami Beach v. City of North Bay Village, 313 So.2d 126 (Fla.3d DCA 1975). However, the real question posed is upon whom does the burden fall with respect to proof of reasonableness. The conclusion to be drawn from City of Tampa, supra, is that the municipality has the authority, in the first instance, to determine the reasonableness of a utility rate. The Court in that case assumed that the water rates imposed by the city through passage of an ordinance were reasonable. As in the instant case, there was no allegation in the complaint that the rates established by the city were unreasonable and, therefore, the Court's decision was based upon the assumption that the rates were reasonable. City of Tampa v. Tampa Water Works Co., supra, at 638. In the case at bar there was a complete absence of pleading or proof on the part of the respondent in the trial court relating to the issue of the reasonableness of the water rate established by petitioner in the ordinance under attack. Respondent's stance in the trial court was predicated upon its asserted rights arising under the contract with its predecessor, and the issue of the reasonableness of the rates without regard to the contract was neither framed nor tried. The trial court, in the absence of any allegation or proof of unreasonableness of the rates, specifically found in its final judgment that Ordinance No. 74-11 (which established the new rate schedule) was duly, legally and constitutionally adopted and approved "after a Public Hearing."
In adopting its ordinance revising the rates petitioner acted pursuant to Chapter 26054, Laws of Florida, Special Acts of 1949, which empowered the City of North Miami Beach to create, own, and operate a water works system in and surrounding the City. It also was empowered to set and collect uniform rates for providing water and to readjust such rates or charges from time to time. We believe that the same principles apply when petitioner acted under the chapter as when a municipality acts under Section 180.191(1)(b), Florida Statutes (1975), where the question of burden of proof of reasonableness is concerned. Pursuant to Section 180.191(1)(b), Florida Statutes (1975), water rates charged by a municipality to non-city resident users must be, inter alia, "just and equitable." In a recent decision holding that the burden of proving injustice and inequity was upon the customer, we stated
"... that a municipality which has utilized the provisions of Subsection 180.191(1)(b), Florida Statutes, should not be required to come forward to prove the efficacy of its rates unless and until a dissatisfied customer has made a prima facie showing based on competent evidence of invalidity." Mohme v. City of Cocoa, 328 So.2d 422, 426 (Fla. 1976).
In the absence of allegation or proof of unreasonableness by respondents at trial the rates established by petitioner through adoption of its ordinance after a public hearing must be presumed reasonable.
The petition for writ of certiorari is granted, and that portion of the District Court's decision affirming the judgment of the trial court is approved, but the balance thereof is quashed.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and HATCHETT, JJ., concur.