SHIVERS, Judge.
This appeal is from a final summary judgment in favor of Winn-Dixie in a breach of contract suit brought by Winn-Dixie against Jacksonville Electric Authority (JEA). Winn-Dixie agreed by the Contract to purchase all of its electrical services from JEA[1] and not to produce its own electricity or purchase electricity from any other supplier so long as JEA could meet its demands. The Contract provided a rate schedule and a method of adjusting the rates. There was a provision providing for ninety (90) day advance written notice prior to termination by either party.
The parties operated under the Contract' until October, 1973, at which time the price of oil sharply increased because of the fuel oil embargo imposed by the oil producing exporting countries. Thereafter, JEA enacted a series of resolutions adopting adjustment riders for fuel expenses applicable to all rate schedules. The adjustment riders to Winn-Dixie were not calculated pursuant to the 1968 Contract. As a result, Winn-Dixie paid a higher rate for electricity. Winn-Dixie continued to purchase electrical services from JEA. On March 16, 1977, JEA terminated the Contract without giving the ninety day termination notice.
Winn-Dixie filed a two count complaint against JEA. Count I was for damages caused by the overcharge. Count II was for damages caused by JEA’s failure to give the ninety day termination notice. The parties stipulated to the amount of damages Winn-Dixie should recover under the respective counts if Winn-Dixie prevailed. The trial court entered summary judgment in favor of Winn-Dixie after the defensive pleadings of JEA were stricken.
JEA argues that it was not only entitled, but also obligated, to impose rates that *339 would have avoided selling the electricity at a loss to JEA.[2]
The facts of this case distinguish it from the cases cited by JEA. This Contract contained a provision for the adjustment of rates and a provision for the termination of the Contract within a reasonable period of time. These provisions provide flexibility sufficient to take this Contract outside the rationale of the cases cited by JEA.[3]
JEA’s remaining arguments relating to the trial court’s construction of the contracts are without merit. Summary judgment was proper. AFFIRMED.
McCORD and LARRY G. SMITH, JJ., concur.

. The Contract was originally between Winn-Dixie and the City of Jacksonville. JEA is the successor in interest to the City of Jacksonville.

. JEA cites the following cases in support of its position:
City of Tampa v. Tampa Waterworks Co., 45 Fla. 600, 34 So. 631, aff'd 199 U.S. 241, 26 S.Ct. 23, 50 L.Ed. 170 (1903);
City of Clearwater v. Bonsey, 180 So.2d 200 (Fla.App.2d DCA 1965);
City of North Miami Beach v. Southern Gulf Util., Inc., 339 So.2d 173 (Fla.1976);
City of Daytona Beach v. Stansfield, 258 So.2d 809 (Fla.1972).

. Compare:
Anheuser-Busch, Inc. v. Jacksonville Electric Authority, Case No. 77-523-Civ-J-S (U.S.Dist.Ct., M.D.Fla., Jan. 16, 1978);
Anchor Hocking Corporation v. Jacksonville Electric Authority, 419 F.Supp. 992 (M.D.Fla.1976).