**CITY OF BOWLING GREEN et al.,**
Appellants,

v.

**Earl MILLER, Appellee.**

Court of Appeals of Kentucky.

May 20, 1960.

Duncan & Huddleston, G. D. Milliken, Jr., Bowling Green, for appellants.

Ernest Gregory, Bowling Green, for appellee.

CLAY, Commissioner.

This action was brought by appellant city and its zoning commission to enjoin the commercial use of premises allegedly in violation of a zoning ordinance. The Chancellor found no violation and denied injunctive relief.

The facts are stipulated. A city zoning ordinance was enacted April 9, 1958, and High Street was designated a residential area. At that time there was located on this street a "commercial type" building which was then vacant. Up until July of the preceding year it had been occupied by the Holland Furnace Company and used to display and store furnaces and parts.

Shortly after the enactment of the ordinance appellee purchased this building. He moved in his equipment and there carries on a plumbing, heating and sheet metal business.

The ordinance provides that the "established use" of the land or structure existing at the time of its enactment may be continued although not in conformity with the permitted use specified by the ordinance. This exception from zoning restrictions is likewise recognized in KRS 100.355. The city contends (1) since the building was vacant on the date the ordinance was enacted, it had at that time no "established use," and (2) appellee's business constitutes a substantial change in the non-conforming use.

We think it clear that the "established use" of property referred to in the ordinance is not limited to the actual activities on the day of its enactment. It is well recognized that a temporary vacancy or non-user of the premises without evidence of an intention to abandon the non-conforming use does not extinguish it. See Landay v. MacWilliams, 173 Md. 460, 196 A. 293, 114 A.L.R. 984; and cases discussed in 114 A.L.R. 991. This would seem particularly true when there is a non-conforming structure on the premises, the existence of which would at least constructively continue for a reasonable time the non-conforming use of the land. See Haller Baking Co.'s Appeal, 295 Pa. 257, 145 A. 77. We are of the opinion that nine months' vacancy of the building involved in this case did not terminate its well established commercial use within the meaning of the ordinance.

The next question is whether or not appellee's business constituted the continuance of the established use or initiated a new use which violated the zoning regulation. The building was occupied by the Holland Furnace Company for the display, storage and delivery of furnaces. Appellee now uses the building to carry on a plumbing, heating and sheet metal business. We will assume without deciding that the storage of plumbing fixtures and equipment does not constitute a substantial change in the former use of the building. The sheet metal business, however, is something entirely different.

It constitutes a shift from the passive use of the building for storage and sales purposes to a manufacturing enterprise. The situation is similar to that in People v. Giorgi, Co.Ct., 16 N.Y.S.2d 923, where-

in the use of premises in the general contracting business was held not to authorize conversion of the premises to the manufacture of cement blocks. For illustrative cases of prohibited changes in a non-conforming use see 147 A.L.R. 167.

The case of Feldman v. Hesch, Ky., 254 S.W.2d 914 is controlling here. A garage building had been used as an adjunct of the dairy business for the storing and servicing of delivery trucks. A subsequent lessee undertook to carry on the business of reconditioning used automobiles therein. Observing that non-conforming uses should be held within strict limits to carry out the purpose of zoning ordinances, we held that the new use of the building was such a change from its established use that it violated the restriction. At least part of the business of appellee is in the same category.

To the extent appellee's business substantially differs from that conducted by the Holland Furnace Company, appellants were entitled to injunctive relief.

The judgment is reversed for consistent proceedings.