**FRANKLIN PLANNING AND ZONING COMMISSION, etc., Appellants,**

**v.**

**SIMPSON COUNTY LUMBER COMPANY, etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 1, 1965.

G. D. Milliken, Jr., and Milliken & Milliken, Bowling Green, for appellants.

Harold D. Ricketts and Harlin, Parker & Ricketts, Bowling Green, for appellees.

HILL, Judge.

This appeal concerns the propriety of a judgment interpreting the rights of these litigants under a planning and zoning ordinance of the City of Franklin.

Appellee Desford Potts for about seven years owned a six-acre tract of land within the corporate limits of Franklin. It lies between Railroad and Morris Streets. During this period, Potts maintained a livestock barn on the tract in which was stored lumber and other building materials. Outside, and mostly to the rear of the barn, brick was stored in stacks four or five feet high. In 1959 the City of Franklin passed a zoning ordinance by virtue of which Potts' lot was classified as residential (R–2) property.

Shortly before this suit was instituted, Potts moved some saw logs onto his lot back of the barn where he had recently had a bulldozer level the lot. The city complained. Potts sued to enjoin interference by the city. The chancellor decided in favor of Potts.

The city contends the continued use by Potts of his property for storage of building materials is a "nonconforming" use, and under the law cannot be enlarged by storing saw logs thereon. Potts contends it is not an enlargement of the "nonconforming" use and therefore not in violation of the zoning ordinance. We should

say here that a "nonconforming use" means simply a use which does not conform to the classification provided for in the ordinance, residential in this instance.

The applicable portion of the ordinance is as follows:

> "Section 33, Continuance of Non-Conforming Uses. Any use of land or structure existing at the time of enactment or subsequent amendment of this ordinance, but not in conformity with its use provisions may be continued * * *."

Regardless of our sadness at seeing the elimination of the "spreading chestnut tree", and the village smith, it must be admitted that in the interest of progress the law favors the gradual elimination of "nonconforming" uses of property in our cities. Attorney General v. Johnson, Ky., 355 S.W.2d 305 (1962). It naturally follows that such nonconforming uses as are tolerated under the law cannot be enlarged. City of Bowling Green v. Miller, Ky., 335 S.W.2d 893, 87 A.L.R.2d 1 (1962); Feldman v. Hesch, Ky., 254 S.W.2d 914 (1953); McQuillin on Municipal Corporations, 3rd Ed., Vol. 8, Sec. 25.183.

So, our question is whether the storage of saw logs on Potts' lot is an enlargement of the "nonconforming use" he enjoyed previously. The chancellor found as a matter of fact the use was not enlarged. We have numerous photographs of the stored logs, and they appear to be stacked higher than the brick, perhaps eight feet high; but it cannot be said they are unsightly, obnoxious, or a health hazard.

Admitting the saw logs were stacked higher than the brick and not so symmetrically, unless they obstruct the view or impede the natural flow of air we cannot see wherein their storage back of the barn is materially different from the storage of the stacks of brick. Accordingly, we agree with the chancellor that the "nonconforming use" by Potts of his property has not been enlarged by the storage of saw logs on

the property. There is no contention Potts plans a sawmill. It goes without saying that a sawmill in such a residential community would be such an enlargement as appellants oppose.

The judgment is affirmed