CITY OF MIDDLESBORO PLANNING
COMMISSION, City of Middlesboro,
City of Middlesboro Board of Adjust-
ment and Harvey Yeary, Appellants,

v.

Henry Clay HOWARD and James W.
Howard, d/b/a Howard & Howard
Trucking, Appellees.

Supreme Court of Kentucky.

May, 20, 1977.

William A. Watson, Watson & Watson,
Middlesboro, for appellants.

Joe Nagle, Denham & Nagle, Middles-
boro, for appellees.

STEPHENSON, Justice.

The issue on this appeal is the validity of
a city of Middlesboro zoning ordinance.
Section 75.25(C) of the ordinance provides:

"(C) Termination:

"Any one of the following acts or con-
ditions shall terminate immediately the
right to operate a nonconforming use:

(1) Changing to a conforming use.

(2) Abandonment.

(3) Failure to obtain privilege license
for a period of twelve months.

(4) Non-operation or non-use for a peri-
od of twelve or more consecutive calendar
months."

In 1966, the city of Middlesboro enacted an
ordinance providing for "Privilege Licens-
es" applicable to businesses and occupations
within the city in varying amounts to be
paid annually to the city.

The appellees, James and Henry Clay
Howard, have operated a trucking business
in what was formerly a small service sta-
tion in a residential neighborhood in Mid-
dlesboro since 1957. In connection with
their business, they service and repair the
trucks at this location. The Howards did
not purchase a privilege license in 1966, the
fee for their business being $25 annually.
The penalty provision of the ordinance pro-
vides for a penalty of 10% of the delinquent
fee and a fine. In 1967, the city attorney
issued a written opinion stating that the
Howards' business use of the premises was

a nonconforming use of this property under the zoning code of the city and concluded that they were "in violation of this particular ordinance one year after the enactment thereof, having failed to purchase a privilege license." Pursuant to the city attorney's recommendation that the nonconforming use of the premises be terminated, an administrative officer swore out a complaint and warrants were issued against the Howards for violation of the zoning laws. The Howards sought a hearing before the Board of Zoning Adjustment which sustained the administrative officer's position and ruled that the right to operate the nonconforming use terminated one year after enactment of the ordinance for failure to secure a privilege license during the twelve-month period. The Howards then appealed to the Bell Circuit Court. The Bell Circuit Court held that failure to obtain a privilege license for a period of twelve months does not absolutely preclude the retention of a nonconforming use, and ordered the city to permit the Howards to continue to operate their business as a nonconforming use.

The privilege license, subject of one of the termination provisions of the zoning ordinance, is a revenue measure for the city. It is not contended otherwise on this appeal. The penalty the city seeks to impose on the Howards for a violation of this section is to deprive them of a vested property right in the nonconforming use. The ordinary penalty for violation by others is provided as 10% of the delinquent fee and a fine.

■ We are of the opinion that violation of a revenue producing ordinance is not sufficient in itself to forfeit a nonconforming use.

Here, there is no suggestion of an intention on the part of the Howards to abandon the nonconforming use or to change the use in any respect.

■ This termination provision of the zoning ordinance as to the privilege license does not bear a reasonable relationship to the purpose of terminating nonconforming use when it is no longer necessary to safeguard the property right of the owner. See *Smith v. Howard*, Ky., 407 S.W.2d 139 (1966), where it was held that the owner did not forfeit his right to continue a nonconforming use by his inability to lease the property for one year. See also *Gates v. Jarvis, Cornette & Payton*, Ky., 465 S.W.2d 278 (1971), where this court said whether or not the property owner had a permit from the health department was not a matter of zoning concern.

■ Further, we are of the opinion that the penalty sought to be imposed on the Howards is so disparate to the ordinary penalty provided in the ordinance so as to render it void as discriminatory and arbitrary.

The judgment is affirmed.

All concur.