Rob MARTIN and Phoenix
Properties, Appellants,

v.

Thomas BEEHAN; Covington Board of Adjustment; City of Covington; Covington Board of Commissioners; Fred N. Donsback, Jr.; and Kenton County Municipal Planning and Zoning Commission, Appellees.

Court of Appeals of Kentucky.

Jan. 18, 1985.

As Modified on Denial of Rehearing
March 22, 1985.
Discretionary Review Denied and
Opinion Ordered Published by
Supreme Court May 15, 1985.

Otto Daniel Wolff, Paxton & Seasongood, Cincinnati, Ohio, for appellants.

Jeffrey J. Harmon, Manley, Jordan & Fischer, Cincinnati, Ohio, Arnold Simpson, Charles Wagner, Covington, Frank G. Ware, Florence, for appellees.

Before LESTER, MILLER and WILHOIT, JJ.

MILLER, Judge.

▆▆ This dispute involves the question of "abandonment" of a nonconforming use existing under the zoning ordinance applicable to the City of Covington, Kentucky.[1] Nonconforming use is authorized (grandfathered) under KRS 100.253 which provides, in part, as follows:

"EXISTING NONCONFORMING USE, CONTINUANCE—CHANGE—EFFECT OF NONCONFORMING USE OF TEN YEARS' DURATION—APPLICATION.—

(1) The lawful use of a building or premises, existing at the time of the adoption of any zoning regulations affecting it may be continued, although such use does not conform to the provisions of such regulations, except as otherwise provided herein.

(2) The board of adjustments shall not allow the enlargement or extension of a nonconforming use beyond the scope and area of its operation at the time the regulation which makes its use nonconforming was adopted, nor shall the board permit a change from one (1) nonconforming use to another unless the new nonconforming use is in the same or a more restrictive classification. . . .

The Covington Zoning Code, § 3.06, provides, in part, as follows:

Where a structure is non-conforming or where the use of a structure of of [sic] land has non-conforming status, such status shall be forfeited under any of the following circumstances:

. . . .

(d) If a non-conforming use of a structure or of a structure and land in combination is discontinued or abandoned for twelve consecutive months or for twenty-four months during any four year period; (Note: as used herein the word "discontinued" means that the owner or responsible party for the use of the property cannot demonstrate that he had clear intent to continue using the property for the non-conforming purpose and that he augmented that intent by making every reasonable effort to continue to have the property so used. A demonstration of intent would be reasonable, continuous effort to have the property rented or sold for the non-conforming purpose.)

. . . .

(f) Once forfeited, non-conformance may not again be used as a defense against prosecution for violation of the provisions of the zoning ordinance."

Section 3.00a of the Code provides:

However, it is the intent of this Ordinance to permit these non-conformities to continue in their present condition, but not to encourage their survival.

---

1. Although we do not consider the validity of the Covington ordinance essential to the disposition of the case at hand, we do wish to point out that the discontinuance-time limitation provision in zoning ordinances is in derogation of the common law and is to be strictly construed. *See Smith v. Howard*, Ky., 407 S.W.2d 139 (1966). Where the termination provision of the ordinance does not bear a reasonable relationship to the purpose of terminating the nonconforming use, the provision will not be given effect. *See City of Middlesboro Planning Commission v. Howard*, Ky., 551 S.W.2d 556 (1977).

■ Appellants contracted to purchase the Browning Hotel property located in a residential (R–3) area of the City of Covington. The hotel was operated as a nonconforming use under KRS 100.253. Appellants applied to the Covington Board of Adjustment (board) for a change-of-nonconforming-use permit for the purpose of converting the property into an office complex—a use which did not conform to R–3 zoning. Appellee, Thomas Beehan, an area resident, resisted the issuance of the permit claiming "abandonment" of the nonconforming use. A nonconforming use once abandoned cannot be revived. However, a finding that a nonconforming use has not been abandoned entitles an applicant to routine issuance of a permit. The central issue was simply one of abandonment. The board heard evidence and determined the nonconforming use had not been abandoned. A change-of-use permit was therefore issued. The board made the following finding:

... the use of the building as a hotel while discontinued 10–12–15 years has not been abdoned (sic) in the (sic) since that afforts (sic) have been made by the owner to sell the building as a hotel. (Minutes, March 9, 1983, attached to Aff. of Jeffrey Harmon submitting Record of Board of Adjustment.)

■ The Kenton Circuit Court reversed the order of the board, thereby precipitating this appeal. We are squarely faced with the question of whether the action of the board in granting the permit was arbitrary as viewed in light of the party bearing the burden of proof. We are not reviewing the circuit court's action under the clearly erroneous rule of CR 52.01. Rather, we are reviewing, as did the circuit court, the record of the board to determine arbitrariness, if any. *See Board of Education of Ashland School District v. Chattin*, Ky., 376 S.W.2d 693 (1964). At the outset, we observe that a nonconforming use is a property right constitutionally protected. *See Darlington v. Board of Councilmen*, 282 Ky. 778, 140 S.W.2d 392 (1940).

It can, however, be abandoned. In each case, the abandonment rests upon intent. While intent may be inferred from a long period of disuse [*Cf. Holloway Ready Mix Company v. Monfort*, Ky., 474 S.W.2d 80 (1968)—ten year disuse of a rock quarry], the general rule is that mere discontinuance of the nonconforming use does not in itself constitute abandonment. The circumstances surrounding each case must be considered. *Cf. Smith v. Howard*, Ky., 407 S.W.2d 139 (1966), and *City of Bowling Green v. Miller*, Ky., 335 S.W.2d 893, 87 A.L.R.2d 1 (1960). *See generally* 82 Am. Jur.2d *Zoning and Planning* § 214 et seq. (1976), and Annot., 56 A.L.R.3d 14 (1974). Our analysis of the cases in this jurisdiction leads us to conclude that discontinuance of use is but a single factor, albeit a strong one, to be considered in determining intent to abandon.

■ One asserting abandonment bears the overall burden of proof upon that fact. *See Smith v. Board of Zoning Appeals of the City of Scranton*, 74 Pa.Cmwlth. 405, 459 A.2d 1350 (1983); 82 Am.Jur.2d *Zoning and Planning* § 218 (1976). We interpret the discontinuance-time limitation provision of the ordinance to create a presumption of abandonment of a nonconforming use after expiration of the time stated in Section (d). *See of general application*, 82 Am.Jur.2d *Zoning and Planning* §§ 219 and 220 (1976). This presumption will carry the burden of proof unless rebutted by evidence. If it is rebutted by evidence, the one asserting abandonment is returned to his overall burden of persuasion. He must persuade the factfinders to find facts in his favor based upon substantial evidence. Actually, when the presumption of abandonment is rebutted by evidence, the discontinuance-time limitation provision of Section (d) of the ordinance relates only to the overall question of intent to abandon the use.

■ In the case *sub judice*, Thomas Beehan, who asserted abandonment of the use, bore the burden of proof. He was aided by the presumption created by the

**32**

ordinance. Further, he was supported, to some extent, by the general bias against continuation of a nonconforming use. *See Attorney General v. Johnson,* Ky., 355 S.W.2d 305 (1962). However, his presumption vanished with the introduction of evidence that although the property had been in disuse as a hotel for many years, it nevertheless had been offered for sale as a nonconforming use. The record indicates the offering of sale was not a "continuous effort," as contemplated in Section (d). Of course, the sale was unsuccessful, but the offering of the property for sale, we believe, was sufficient to rebut the presumption of abandonment arising under the ordinance. Thus, Beehan was left with the overall burden of persuasion upon the record. The board decided that he failed in this burden. The circuit reversed, holding that Beehan had carried his burden of proof, hence the decision of the board was arbitrary.

Upon reviewing this matter, we conclude that the record is void of any significant manifestation of intent on the part of the owners to continue the nonconforming use of the Browning Hotel either as a hotel or an acceptable substituted use. There is no rationale as to the long period of disuse of the property as a hotel or otherwise. There is no inference of financial inability or governmental impediment. It can only be concluded that the owners of the property, who did not appear in these proceedings, deemed it wiser to sell the property rather than continue the use. There was, during the more than ten years of disuse, the attempt to sell the property. However, we apprehend this to have as clearly manifested an attempt to abandon the use as to perpetuate it. There was no assurance that any would-be purchaser would continue the nonconforming use of the property. Further, we are committed to the proposition that intent must be born out by a showing of acts and not merely a plan in mind. *See Attorney General v. Johnson, supra.* The record as a whole, in our view, compelled a finding of abandonment; therefore, the circuit court was correct in entering judgment in favor of appellees.

For the foregoing reasons, the judgment of the Kenton Circuit Court is affirmed.

All concur.