SCHWARTZ, Chief Judge.
The trial court upheld the issuance of a building permit for a very substantial expansion of a motel on Lower Matecumbe Key, Monroe County. We reverse the judgment upon the holding that the existing motel, originally constructed in 1956, constituted a nonconforming use in its present district which, under the general law and the specific terms of Monroe County’s zoning ordinance,[1] may not be lawfully enlarged or expanded.
The operative facts are entirely undisputed. The appellee Popplewell’s property was constructed in 1956 as a five-unit cabin-type motel. At that time, Monroe County had yet to enact its first zoning ordinance, which did not come into effect until 1960. Because the surrounding land on both sides of the motel is single-family residential — the appellant Dowd is a next door neighbor — both that area and the property in question were zoned RU-1, single-family residential, soon thereafter.[2] The motel usage, although plainly not permitted in RU-1, was “grandfathered” in as a pre-existing non-conforming use. 7 Fla. Jur.2d Building, Zoning, and Land Controls § 131 (1978). Motels which were constructed subsequent to 1960 were ordinarily placed in RU-3 district which included that use along with hotels, apartment houses and the like. In 1973, the county in effect divided the RU-3 zone into two separate categories. One was RU-7, a so-called residential tourist district. The provision which created it, section 19-202, Monroe County Code (1985), upon which the appel-lees entirely rely, provided as follows:
This district is intended to provide an area for accommodations oriented to the transient and resort trade, with a residential character, and preserving and protecting the amenities of a living environment. All existing hotels, motels, tourist accommodations, marinas and resorts conforming to all the requirements of the district in which it is located prior to the adoption of Ordinance No. 1-1973 shall be considered to conform to this RU-7 district and shall be treated as though they were in an RU-7 district for the purposes of enforcing and administering this ordinance, [emphasis supplied]
When Popplewell sought to expand his motel into a thirty unit structure in 1985,[3] Dowd objected on the ground that the motel was a non-conforming use which could not be enlarged under either the Monroe County Code[4] or the general law. Bixler *65 v. Pierson, 188 So.2d 681 (Fla. 4th DCA 1966). Popplewell, however, argued successfully to the Monroe Building & Zoning Department, the County Board of Adjustments, the County Commission and the Circuit Court[5] that, by virtue of section 19-202, the motel was lawfully within RU-7, the appropriate district for motel use, and thus could be permissibly expanded. We find otherwise.
Both sides agree that the issue before us is entirely determined by whether the motel is now being used in conformance with the applicable terms of the Monroe County Zoning Code. This question, in turn, depends on whether it is presently located in the RU-7 district which permits a motel usage and a subsequent expansion. Last on the logical ladder, the motel could only fall within RU-7 if section 19-202 applies. In our view, it clearly does not.
Section 19-202 permits the treatment of existing motels as if they were in an RU-7 district, only when that structure “conform[s] to all the requirements of the district in which it is located.” But the present structure did not so conform when section 19-292 was enacted and has not done so since. Instead, it was no more than a grandfathered non -conforming use in the RU-1 district in which it has been located — without amendment or interruption — since the first Monroe County zoning ordinance was enacted. There is no question that motel use is not permitted in an RU-1 district and that the motel’s prior construction and use is the only reason why it is permitted to remain there. By definition of section 19.5, Monroe County Code (1973) (Non-conforming use of a building is “[t]he use of any building other than a use specifically permitted in the district in which the building is located.”), and the self-evident meaning of the words, a non-conforming use cannot “conform” to the district in which it is located, so as to render section 19-202 applicable to the ap-pellee’s property. City of Univ. Park v. Benners, 485 S.W.2d 773, 777 (Tex.1972) (nonconforming use is use which existed legally when zoning restriction became effective and has continued to exist), appeal dismissed, 411 U.S. 901, 93 S.Ct. 1530, 36 L.Ed.2d 191 (1973); Franklin Planning and Zoning Comm’n v. Simpson County Lumber Co., 394 S.W.2d 593, 594 (Ky.1965) (non-conforming use is one which does not conform to the classification provided for); Beyer v. Mayor and City Council of Baltimore City, 182 Md. 444, 445, 34 A.2d 765, 766 (1943) (non-conforming uses are those permitted by zoning ordinances to continue even though similar uses are not permitted in area in which they are located). Thus, all of this has led to an inevitable result which follows from the application of a tautology: a non-conforming use does not conform to the permitted use. It follows with like certainty that the projected expansion of Popplewell’s motel is contrary to the law and cannot be permitted.[6]
*66 The judgment below is therefore reversed with directions to invalidate the building permit in question.
Reversed.

. All references to Monroe County’s zoning ordinance are to applicable provisions of the county's previous zoning code, which was in effect through September 14, 1986, and is thus applicable to this dispute. Monroe County has subsequently adopted a new comprehensive land use plan and land development regulations, pursuant to section 380.0552, Florida Statutes (1986).

. § 19-194, Monroe County Code (1985). RU-1, Single Family Residential District. This district allowed only permanent single-family dwellings. All other uses were expressly prohibited.

. Our disposition of this case makes it unnecessary to determine whether, even if any alteration were not barred by the non-conforming use doctrine, the proposed change was so extensive as to require a variance for which Popplewell did not apply.

. The applicable provisions state in pertinent part:
Section 19-117. Non-conforming buildings or structures.
An existing non-conforming building or structure may be maintained and repaired, but shall not be structurally altered or added on to further the non-conformance; however, an *65 existing non-conforming building or structure may be added onto or altered provided such addition, alteration or use is in compliance with this ordinance.
Section 19-118. Non-conforming use of buildings and structures.
(a) The use of any building or structure not in conformance with this ordinance pertaining to uses permitted on the effective date of Ordinance No. 1-1973 may not be:
(3) Extended, enlarged or expanded.

. The trial court ultimately concluded that Dowd had mistakenly filed a complaint for declaratory and injunctive relief and that certiora-ri was the appropriate remedy instead. We agree that the County Commission’s approval of the building permit, which involved only a legal question of its validity vel non, was not a quasi-judicial determination and was thus appropriately subject to the declaratory relief sought below. Thompson v. Planning Comm'n of Jacksonville, 464 So.2d 1231 (Fla. 1st DCA 1985); Kelner v. City of Miami Beach, 252 So.2d 870 (Fla. 3d DCA 1971), approved sub nom. S.P.J. Corp. v. Kelner, 268 So.2d 373 (Fla.1972); Keay v. City of Coral Gables, 236 So.2d 133 (Fla. 3d DCA 1970). This conclusion is not decisive, however, because even were the complaint treated as a petition for certiorari — which is permissible since the complaint was filed less than thirty days after the County Commission’s resolution — the result would have been effectively the same, that is, a quashal of that conclusion on the ground that the action was contrary to the clear and essential requirement of the applicable law. See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).

. See supra note 4.