601 So.2d 1270 (1992)
FLORIDA KEYS AQUEDUCT AUTHORITY, an agency of the State of Florida, Appellant,
v.
PIER HOUSE JOINT VENTURE, Appellee.
No. 91-2183.
District Court of Appeal of Florida, Third District.
June 30, 1992.
*1271 Greenberg, Traurig, Hoffman, Lipoff, Rosen & Quentel and Alan T. Dimond and Steven M. Goldsmith, Miami, for appellant.
Morgan & Hendrick and James T. Hendrick, Key West, for appellee.
Before HUBBART, BASKIN and COPE, JJ.
PER CURIAM.
This is an appeal by the defendant Florida Keys Aqueduct Authority [FKAA] from a final judgment entered after a nonjury trial in an action brought by the plaintiff Pier House Joint Venture for a refund of a system development fee, which the latter had previously paid FKAA under protest, and for other legal and equitable relief. We affirm in part and reverse in part.
It appears that the defendant FKAA imposed a charge of $48,000 (less a $5,000 credit) upon the plaintiff as a system development or "impact" fee for potential increased demand on FKAA's water system due to the plaintiff's conversion of the former Key West Handprint factory in Key West, Florida, from a manufacturing plant with related office and retail uses employing up to ninety persons, to its current use by the plaintiff as a 24-unit hotel and spa facility. The trial court in the final judgment (1) declared invalid, as applied, the defendant FKAA's use of a "unit system" to measure the increase in the potential demand on FKAA's water system as a basis for calculating the system development fee because it was not "just and equitable"; (2) imposed a new system development fee of $8,000 on the plaintiff based on another court-devised formula; and (3) awarded the plaintiff a judgment, including interest, for the difference between the defendant FKAA's system development fee and the lower system development fee set by the court.
First, we agree with the trial court that the defendant FKAA's use of a "unit system" in assessing the system development fee herein was not just and equitable as applied to this case. See City of Tarpon Springs v. Tarpon Springs Arcade Ltd., 585 So.2d 324 (Fla. 2d DCA), rev. denied, 593 So.2d 1051 (Fla. 1991). Under this system, a "unit" is defined by an FKAA rule as "a commercial or residential module consisting of one or more rooms with either appurtenant or common bathroom facilities and used for a single commercial purpose or single residential purpose." [FKAA Rule 48-2.001(19)]. As applied to this case, the former Key West Handprint factory was therefore counted as only one "unit" because, under the rule, it was a single commercial establishment  while the converted hotel was counted as twenty-four units because, under the rule, it had twenty-four residential guest rooms. It was accordingly determined that the plaintiff's converted hotel would place a twenty-four-fold potential demand increase on the water system than the prior manufacturing plant, and that a system development *1272 fee of $2,000 per "unit" or $48,000 should be imposed on the plaintiff. Plaintiff was given a $5,000 credit for existing service, bringing the total assessment to $43,000.
As the trial court correctly reasoned in its final judgment,
"Charges imposed by public utilities must be `just and reasonable.' The requirement that service availability charges and conditions be just and reasonable is `... a fact too well known to require further discourse ...' H. Miller & Sons, Inc. v. Hawkins, 373 So.2d 913, 915 (Fla. 1979). The leading Florida impact fee case applies the `just and equitable' standard in its analysis of impact fee validity. Contractors and Builders Association of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976). That general standard is embodied in Section 14 of the FKAA Enabling Legislation, which grants Defendant authority to implement a schedule of customer fees and charges. Specifically, Section 14(2) mandates that charges shall be `just and equitable', and `uniform for users of the same class' (emphasis added). Chapter 76-441, Laws of Florida (`the Enabling Legislation').
... .
The evidence established that the Key West Handprint Building consumed up to an average of 121,000 gallons of water per month, with peak consumption approaching 200,000 gallons per month, and employed upwards of ninety people on premises. Clearly, the `unit' is not intended to encompass either that volume of service or such an atypical (for the Florida Keys) number of persons working under one roof... . By electing to measure existing levels of demand on a unit basis, Defendant classified the former manufacturing plant as one (1) unit. That determination exceeds the bounds of the legislative and judicial requirements that a system development fee be `just and equitable.' To say that both the former manufacturing plant, an enormous water consumer employing up to ninety people, and a single-occupancy guest house room comprise the same one unit and therefore place equivalent potential demands on the water system, defies logic. The Court accepts and adopts the expert testimony of architect/planner Jose Gonzalez and of engineer Paul Kenson that FKAA's use of the `unit' to measure and credit increased potential water demand, as applied to this customer, is neither just nor equitable."
... .
Nothing in this Judgment should be construed as holding that application of the `unit' SDF charge is per se invalid, or that applying a unit-based charge to new commercial and residential uses is improper. Rather, as applied by FKAA to these peculiar circumstances, i.e., premises converted from a single-unit factory (a use for which FKAA has failed to provide[] an appropriate classification) to a multi-unit resort, FKAA's imposition of a 24-unit SDF less credit for an assumed 1 inch meter is unsupported by rule and invalid under FKAA's Enabling Legislation and Resolutions as well as general law applicable to public utilities."
Final Judgment, at 2, 3, 3-4, 10 (emphasis added).
As we understand the purpose of the impact fee, it is a charge designed to be used for expansion of the water system which is necessitated by additional increments of growth. See Contractors & Builders Ass'n v. City of Dunedin, 329 So.2d 314, 317-22 (Fla. 1976); Comment, 5 Fla.St.U.L.Rev. 144, 145-51 (1977). In the present case there was already an existing manufacturing business at the Key West Handprint Building which was a large consumer of water. While the conversion of the Handprint Building to 24 hotel units would result in some increase in demand on the water system, the trial judge found that it was nowhere near the 24-fold increase which was computed by the use of the unit system. The root cause appears to be that the FKAA does not have an industrial use classification for large users like the Key West Handprint factory. On the basis of the limited record before us, it appears that this creates a low unit allocation *1273 for an industrial user, as compared to all other uses. In any event, application of the unit formula to this particular conversion resulted in an unfair and inequitable computation of the increased impact on the water system occasioned by the construction of the 24 hotel units. There is competent substantial evidence supporting those determinations by the trial court. That being so, the impact fee must be adjusted as applied in this particular case.
Second, we conclude, however, that it was error for the trial court to impose a lower system development fee on the plaintiff based on the court's own formula. Although this formula is arguably one of many "fair and equitable" methods of calculating the system development fee which the plaintiff must pay, it is well settled that a trial court must remand a cause to the appropriate administrative tribunal to assess a new "fair and equitable" utility fee when, as here, the court properly invalidates the utility fee imposed; stated differently, courts have no authority to set utility rates of this nature. We therefore reverse the trial court's assessment of a system development fee on the plaintiff in this case as well as the money judgment rendered for the plaintiff which is based thereon. Mohme v. City of Cocoa, 328 So.2d 422, 425 (Fla. 1976); Cooksey v. Utilities Comm'n, 261 So.2d 129, 130 (Fla. 1972); City of Pompano Beach v. Oltman, 389 So.2d 283, 286 (Fla. 4th DCA 1980), cert. denied, 399 So.2d 1144 (Fla. 1981).
The final judgment under review is affirmed insofar as it declares invalid the imposition of the $48,000 system development fee [less a $5,000 credit] upon the plaintiff by the defendant FKAA. The final judgment under review is reversed insofar as it assesses a new system development fee and awards a money judgment for the plaintiff based thereon  and the cause is remanded to the trial court with directions (1) to award the plaintiff a money judgment, with interest, of the entire $43,000 system development fee which the plaintiff paid under protest, and (2) to require the defendant FKAA to impose a new "fair and equitable" system development fee upon the plaintiff.
Affirmed in part; reversed in part and remanded.