654 So.2d 1062 (1995)
John P. CARDILLO, as Receiver for Bayside Club, Islamorada, Inc., a dissolved Florida corporation, Appellant
v.
FLORIDA KEYS AQUEDUCT AUTHORITY, Appellee.
No. 93-1219.
District Court of Appeal of Florida, Third District.
May 24, 1995.
Monaco, Cardillo & Keith and Peter J. Tincher, Naples, for appellant.
Feldman & Koenig and Robert T. Feldman, Key West, for appellee.
Before HUBBART, GERSTEN and GODERICH, JJ.
GODERICH, Judge.
Bayside Club, Islamorada, Inc. [Bayside] purchased an eight-unit motel with the intent of expanding the motel to thirty units. Although the property was zoned for single-family homes, the Monroe County Commission granted Bayside a building permit pursuant to a zoning code provision that allowed *1063 expansion of preexisting motels. After the building permit was issued, Bayside paid a $33,000 impact fee to the Florida Keys Aqueduct Authority [FKAA]. An adjoining property owner challenged the issuance of the building permit. The Monroe County Commission upheld the issuance of the building permit, and thereafter, the adjoining property owner filed an action seeking to enjoin the construction. Bayside prevailed at the trial court, but this court ultimately ordered a rescission of Bayside's building permit and an injunction from further construction. Dowd v. Monroe County, 557 So.2d 63 (Fla. 3d DCA), cause dismissed sub nom. Popplewell v. Dowd, 564 So.2d 488 (Fla. 1990).
After this court's decision, Bayside requested that FKAA refund the $33,000 impact fee. FKAA refused to return the impact fee based on Rule 48-3.002(2), Florida Administrative Code, which provides that all impact fees are non-refundable [hereinafter "no refund rule"]. On appeal, the Office of Administrative Hearing also ruled that the "no refund rule" was "not an invalid exercise of delegated legislative authority." This appeal follows.
We reverse based on the authority of Florida Keys Aqueduct Authority v. Pier House Joint Venture, 601 So.2d 1270 (Fla. 3d DCA 1992). In Florida Keys, the FKAA imposed an impact fee based on the potential increased demand on its water system due to the conversion of a building from a manufacturing plant to a twenty-four-unit hotel and spa facility. In assessing the impact fee, FKAA utilized a "unit system" whereby each "unit" was assessed a fee irrespective of the actual water consumption. Therefore, under FKAA's "unit system," the manufacturing plant was counted as one unit, whereas the proposed twenty-four-unit hotel facility was counted as twenty-four units.
In Florida Keys, this court approved the trial court's reasoning which provided, in part, that:
By electing to measure existing levels of demand on a unit basis, [FKAA] classified the former manufacturing plant as one (1) unit. That determination exceeds the bounds of the legislative and judicial requirements that a system development fee be "just and equitable." To say that both the former manufacturing plant, an enormous water consumer employing up to ninety people, and a single-occupancy guest house room comprise the same one unit and therefore place equivalent potential demands on the water system, defies logic.

Florida Keys, 601 So.2d at 1272 (emphasis added). The court further noted that the root cause of this unjust and inequitable result "appears to be that the FKAA does not have an industrial use classification for large users" like the manufacturing plant. Florida Keys, 601 So.2d at 1272. Therefore, finding that the "unit system" led to a result that "defies logic" and was unjust and inequitable, this court affirmed that portion of the trial court's order that declared the imposition of the impact fee invalid, but reversed and remanded for the imposition of a "fair and equitable" impact fee.
Similarly, the "no refund rule," as applied in the instant case, leads to a result which "defies logic" and is clearly unfair and inequitable. Bayside paid a $33,000 impact fee to FKAA based on the granting of the building permit which allowed Bayside to expand an existing eight-unit motel to a thirty-unit motel. Thereafter, this court determined that the building permit was wrongfully issued by the Monroe County Commission and ordered rescission of the building permit. As a result of this court's decision, instead of the anticipated thirty-unit motel, a single-family home was built on the property. Therefore, there is no nexus between the impact fee paid by Bayside and retained by FKAA, and the actual or possible increased impact on the water system. Under the circumstances, the application of the "no refund rule" is clearly unfair and inequitable and has led to a result that "defies logic." See also Contractors & Builders Ass'n of Pinellas County v. City of Dunedin, 329 So.2d 314 (Fla. 1976); City of Tarpon Springs v. Tarpon Springs Arcade Ltd., 585 So.2d 324 (Fla. 2d DCA 1991). We reverse the order under review and remand with directions for FKAA to refund the impact fee paid by Bayside.
Nothing in this opinion should be construed as holding that the "no refund rule" is *1064 invalid per se. Rather, as stated above, under the peculiar facts of this case, we find that the "no refund rule" is invalid. Finding that this issue is dispositive, we do not need to address the remaining arguments raised by the appellant.
Reversed and remanded with directions.